## TREADWELL v. RAINEY.

1. Where a life estate was bequeathed to one in Georgia, in certain slaves, who was also appointed executrix, and qualified as such, and afterwards removed to this State, bringing the slaves with her, the Orphans' Court of this State has no power to grant administration upon the property, though the will be produced, proved, and recorded, and the executrix assent to the appointment of an administrator *cum testamento annexo*.

Error to the Orphans' Court of Benton.

APPLICATION, by the plaintiff in error, for letters of administration *cum testamento annexo*, of the estate of William Fagan, deceased. It was suggested to the Court, that the executrix, Catharine Fagan, was appointed executrix by the will, and qualified in the year 1832, in the State of Georgia, as such; and that real and personal estate, to a considerable amount, came to her hands in virtue of the will, and were retained by her in that capacity, for several years, she having a life-estate therein. That after the lapse of several years, some of the slaves found their way into the county of Benton, and were followed thither by the executrix, who being of an extreme old age, her son, William Fagan, was appointed administrator of said* estate, and qualified as such, and some time after was surrendered up by his securities to the Court, and the defendant in error appointed administrator *de bonis non*, by whom several of the slaves were sold, and

who had appointed a day for a partial settlement of his accounts, and filed his vouchers, at which time a certified copy of the will of said Fagan, duly proven in the probate court of Morgan county, Georgia, was produced, for the first time, to the court, and ordered to be recorded; and thereupon, on the application of defendant in error, leave was given him to withdraw his application for a settlement, and to take his accounts and vouchers previously filed.

A paper was also produced, signed by the said executrix, by which she proposed to resign her trust, and requested the plaintiff in error to be appointed administrator, with the will annexed, and was willing, and proposed to deliver up a portion of the life-estate, to be divided among the legatees.

The court, in consequence of the partial execution of the will in Georgia—the want of power in the court to compel the executrix to a settlement; the change of the special property in the will by the administrators sale in this State, considered that it had not the power to grant the application, and therefore refused to make the appointment.

The plaintiff in error then, by petition, setting forth these facts, applied to the judge of the Circuit Court of Benton county for a rule against the judge of the Orphans' Court of Benton, to show cause why a *mandamus* should not issue against him, commanding him to appoint the petitioner administrator *cum testamento annexo*, &c.; which was refused by the court. The original petition, with the refusal of the judge to grant the prayer, has been brought up, the clerk of the Circuit Court certifying thereon that no entry was made in relation thereto, on the minutes of the court.

Application was made to amend the writ of error, and for a *mandamus* to the judge of the Orphans' Court.

S. F. RICE, for the plaintiff in error.—Authenticated copies of wills from other States, may be admitted to probate in this State—(Clay's Dig. 598, sec. 12,)—evidently that the property in this State may be administered according to the will.

As soon as the will was admitted to probate in Benton county, the letters of administration granted to Rainey pre-

viously, were *ipso facto* revoked or annulled. The Orphans' Court was compelled to act under the will, as soon as it was admitted to probate. [4 Ala. 248.]

The executrix appointed by the will, although she qualified in Georgia, and had removed to Benton county with the property, was incapable of managing it, and tendered her resignation.

There was no legal reason for refusing the application of the plaintiff in error, but it was the clear duty of the court to grant the letters, that the will might be executed. [1 Stew. 429, 7 Ala. 906; Kennedy v. Kennedy, 8 Ala. 391.]

A. J. WALKER, for defendant in error.—The application for a *mandamus* must be refused. The refusal of the judge of the Orphans' Court to appoint an admininistrator is a final judgment, from which a writ ef error will lie, and a *mandamus* will not be granted where there is an adequate legal remedy. [1 Ala. 15; 7 id. 14.]

It must be refused, because there is no writ of error from the Circuit Court, and its judgment cannot be revised in any other mode. [7 Porter, 56; 6 Ala. 91.]

This court cannot entertain the motion as an original one. It can only act, if at all, after the inferior court has refused.

Upon the merits of the case. The testator died in Georgia, and in that State his widow qualified as executrix, and under the law of that State, took possession as such; and although she has since removed into this State, and brought a part of the property with her, no administration can be legally taken out in the State of Alabama. [1 Stewart, 429; Story's Confl. of Laws, 432; 1 Marsh. Rep. 300.] The reduction of the property into possession, vests it in her, and there can be no administration upon that property, no matter where it may be removed.

The infirmity of the executrix cannot authorize the grant of letters testamentary in this State, nor can her resignation to the Orphans' Court of Benton give that court power to appoint an administrator upon the estate. A resignation can only be made to the court, making the appointment. [Clay's Dig. 222, § 9.] The executrix is responsible to the Court

Treadwell v Rainey.

which authorized her to act, and is responsible to no other tribunal.

If administration may be granted here, upon the property in this State, there will be two administrations, each of which will be responsible to the legatees. Again—it appears the executrix has a life estate in the property : it is then her's, and how can administration be granted upon the property of a living woman.

The validity, or invalidity of Rainey's administration, does not arise. If it is void that does not authorize the making of another void grant.

ORMOND, J.—This was an application to the Orphans' Court of Benton county, for letters of administration *cum testamento annexo* of William Fagan, deceased. It appears that the executrix of the will qualified in the State of Georgia, where the testator died, and where the will was admitted to probate, and in virtue thereof took possession of the property bequeathed by the will, in which she had a life estate, and which consisting of slaves, has been brought to this State. It is very clear that the court had no power to grant the application Independent of the fact, that the executrix had a life estate in the slaves, in virtue of her qualification under the will, she took the legal title in the slaves. Although it be a trust estate, she is the legal owner of the slaves, and might maintain an action for them in this State, in her own name, without taking out letters of administration. [Commonwealth v. Griffith, 2 Pick. 11 ; Slack v. Wolcott, 3 Mason, 508 ; Story on Con. of L. 432, sec. 516.

This is a conclusive to show that administration cannot be taken out upon this property. If the slaves had been in this State, at the time of the death of the testator, or if administration had not been had upon the estate in Georgia, the question would have been entirely different, as there can be no doubt that administration may be taken out upon the property of the deceased, situate in different States. [Orcutt v. Orms, 3 Paige, 259 ; Currie v. Bircham, 1 D. & R. 35.] It is the fact, that the deceased had property within the county, which gives the court jurisdiction. This was not the property of the deceased, but of the executrix.

75

It appears that the executrix is herself consenting to this procedure, and that she has produced the will which has been recorded in the Orphans' Court of Benton, and that before the production of the will, administration had been granted upon the slaves, to the defendant in error, by her consent. The consent of the executrix could not confer jurisdiction on the court, nor can the illegal appointment of Rainey sanction the present application. It is to be observed that this application is not made on behalf of creditors, nor if it was would the case be varied, though the executrix having brought the property, or permitted it to be brought here, might be subject to an action at the suit of the creditors of the deceased as executor *de son tort*. [Densley v. Edwards,5 Ala. 31.]

The conclusion we have arrived at, dispenses with the necessity of an examination of the petition to the judge of the Circuit Court for a *mandamus*. Conceding it to be regular, it was properly refused.

Judgment affirmed.