[185] RICHARD HOOPER vs. MATTHEW BRINSON — Writ of Error from Shelby County.

The validity of a verbal consent, entered of record, to arbitrate a cause which was duly referred under such consent, and which was valid under the law then existing, is not affected by a subsequent law requiring agreements to arbitrate to be reduced to writing. [16 Tex. 517.]

Where the record does not show, affirmatively, that the parties had notice of the time and place of meeting of the arbitrators, but no exceptions were taken thereto in the court below, the appellate court will presume that such notice had been duly given. [*Post*, 468; 11 Tex. 404; 29 Tex. 141.]

This was a suit brought in 1841, by the plaintiff against the defendant, on a written contract for the hire of a slave.

The defendant answered by alleging payment and set-off, and filed interrogatories to be answered by the plaintiff in the court below, which was done. There were several continuances, two of which appear to have been entered under a consent of the parties to arbitrate, without naming the referees. At the October term, 1845, the case was referred by the parties to Moore and Lister. At the October term afterwards, "it was agreed that if the award should come into court," during that term, it is presumed, "it should be received; if not, it should be referred to Lister and Echols, who are to arbitrate it."

At the April term, 1847, the following entry appears in the case:

"By consent of parties at the last term of the court, the settlement of this cause was left to referees, whose award was to be the judgment of the court, which is as follows:

"Whereas, we, Thomas H. Lister and William F. Echols, were appointed at the last term of the honorable district court, holding sessions for the county aforesaid, to settle a matter of dispute and controversy in the above entitled cause, then pending in the said county; therefore, be it [186] known, that we, Thomas H. Lister and Wm. F. Echols as aforesaid, after a due and full examination of the papers presented to us in the said cause, and which papers we return with this award, and carefully examining all the testimony therein contained; know, therefore, that we, the arbitrators as aforesaid, do award, arbitrate and determine by these presents, that the said plaintiff, Matthew Brinson, do recover from the said defendant, Richard Hooper, the sum of four hundred and thirty-three dollars and thirteen cents principal, and the further sum of two hundred and fifty-three dollars six and one-quarter cents interest, and all costs of suit.

(Signed)          "T. H. LISTER,
                     "W. F. ECHOLS."

The record then proceeds: "And now comes the plaintiff by his attorney, and agrees to a stay of execution for three months. It is therefore ordered and considered that the plaintiff, Matthew Brinson, have and recover of the defendant,

Richard Hooper, his debt, interest, etc., and all costs herein expended, and that execution issue thereon three months after the rendition of this judgment."

No objection appears to have been made to the award at the time it was returned, and none to the judgment, nor was any appeal taken. The writ of error herein was sued out six months after the rendition of judgment on the award.

*J. Pickney Henderson*, for defendant in error.

The principal ground of error assigned is, that the agreement to arbitrate was not reduced to writing in conformity with the act of 25th of April, 1846. To this I reply that the act in question can only apply to cases or disputes, etc., which are not in suit; and, furthermore, can have no application to this case, because the reference herein was made before the passage of the act.

But whatever weight this objection might be entitled to, it now comes too late. It should have been made in the court [187] below. Instead of doing so, the plaintiff in error permitted the award to be entered as the judgment of the court, and took a stay of execution in the case for three months, which amounts to a waiver of all errors.

Mr. Justice LIPSCOMB delivered the opinion of the court; Mr. Justice WHEELER not sitting, having been of counsel in the court below.

There has been no appearance for the plaintiff in error, and no brief sent up; the defendant asks an affirmance of the judgment, and has submitted the cause on his brief.

From the grounds set forth in the petition for the writ of error by the counsel for the plaintiff, it seems they thought it necessary to state them, the non-conformity of the proceedings in this case with the statute, entitled an act authorizing the settlement of disputes by conciliation or arbitration, passed at the first session of the state legislature, Pamp. Acts, 127.

By a reference to the act it would seem to be intended thereby to provide for conciliation before suit brought of any matter of dispute between the parties, and would not abridge the right of parties already litigant, from a consent of record,

to a reference in the way before known to the law. But, even if such was the fact, that it did intend to exclude any other mode, still the statute can have no application to this case, because the reference had in truth been made before the passage of the act, and the only alteration made in the reference after its enactment was to change the name of one of the referees and substitute another.

Under the facts presented by the record, it does not appear to us that the award is obnoxious to any legal or just exception in this court. True it is, the record does not affirmatively show that the parties had notice of the time and place of the meeting of the arbitrators. It was doubtless necessary, on the principles of pure justice, without any express law, that notice should have been given, but it does not follow that [188] such notice should appear on the record, unless exception had been taken in the court below to the want of it. If exception is not taken in the court below, a revising court will presume it had been given. Such was the opinion of the supreme court of the United States in the case of Lutz v. Linthicum, 8 Pet. 165. In that case it appeared that the laws of the state of Maryland required that notice of an award shall be given to the party against whom it is made by service of a copy three days before judgment is moved, and judgment is not to be entered but on motion and the direction of the court. It was alleged that a copy of the award was not delivered. The court say, how that may have been we have no means of knowing, for nothing appears on the record respecting it, and there is no ground to say that it ought to constitute part of the record, or that it is properly assignable as error, it is a matter purely *in pais*. If no such copy had been delivered, the proper remedy would have been to take the objection in the court below. We apply the same reasoning to the case before us, and affirm the judgment with ten per cent. damages, the cause seeming to have been brought up for delay.