Mr. Justice Lipscomb
delivered the opinion of the court, Mr. Justice Wheeleb not sitting.
The petition states that one Amos A. Galpin departed this life in 1841, leaving a certain instrument in writing duly executed, and, as petitioner believes, good and sufficient as a last will and testament, by which said Galpin bequeathed to petitioner three negro slaves, i. e.: Willis, Adeline and her son George, who are now in Matagorda county; Willis in possession of the sheriff of said county, and Adeline and George in the possession of one Obadiah Fatherd. The petition further states, that on or about the 10th day of May, 1841, said Galpin did execute to one James W. Morse, of the county of Mata-gorda, a certain writing purporting to be a mortgage upon the said negro slaves, to secure the payment of a certain sum of money, i. e., eleven hundred and ninety-two dollars and fifty-eight cents, due to the said James W. Morse; that the said mortgage was recorded in the county of Brazoria, the residence of the said Galpin. The petition states further that the said Morse did procure from the chief justice of Mata-gorda county an order for the foreclosure of the said mortgage on the said slaves, and that execution was issued by the clerb *402 ■of tbe county court of the said county and levied on the said «laves, and they are advertised to be sold for cash, without •-appraisement, on the first Tuesday in September the next ensuing; that at the time the said order for the foreclosing of the mortgage was obtained and the execution issued, the said •Galpin, as petitioner believes, was dead. Petitioner prayed that all further proceedings on - the execution aforesaid might be enjoined, and that said Morse be cited to appear and ■answer at the next term of the district court for Matagord^jJ •county. • .¿Nj;
The injunction was granted and subpoena issued, agreeably'^ to the prayer of the petitioner. At the spring term, 1843, Morse answered in substance: That he admits it is true that he has and holds the note of the said Galpin, and also amort--gage to secure the payment of the same, on the negro slaves described in the plaintiff’s petition, which note and mortgage 'he prays may be taken and made a part of his answer as exhibits. He further answers that after the said debt became •due, he did obtain an order to foreclose the said mortgage and execution for the sale of the said slaves, and he prays that said •order and execution may be made a part of his answer. He denies that at the date of the note and mortgage the said Galpin •was a citizen of Brazoria county; he admits that the slaves, at 'the time they were levied on, were in the possession of Obadiah Fatherd, of Matagorda county. He knows nothing of the last will and testament of Galpin, or of his death, but avers that at the time he procured the order of foreclosure of the mortgage, he had not heard of the death of Galpin.
The injunction was dissolved and the petition dis•missed.
There is no bill of exceptions and no statement of facts; no record of any agreement or order that anything was admitted to have been proven. "We must therefore conclude the case •was heard in the court below on the petition and answer, and •the exhibits made a part of the answer.
The main ground relied on by the plaintiff’s counsel for re-versing the judgment is in the supposed error in the proceedings in foreclosing the mortgage. It is contended that it was *403 error to proceed, after tbe death of Galpin, without making his legal representatives a party; and further, that if Galpin had been living, it was error to proceed ex parte without notice. We must, however, before noticing the supposed error, dispose of a preliminary question, i. e.: Has the petitioner or plaintiff shown any cause of action? He alleges-that he is interested by the property having been bequeathed to him by the will of Galpin. This kind of interest doubtless would be recognized and protected by law, but such rights in general can only be asserted through the. ordiuaiy channels of' the legal representatives, according to the laws regulating the-settlement of estates of deceased persons. If it be true that the mortgagor was dead at the time the petition was filed with the chief justice of. Matagorda county for its foreclosure, the-legal representative was the proper party to object to the regularity or legality of those proceedings, and for aught we-know, he may in another suit have asserted his legal rights, and if so, this suit would interpose no bar to such suit. Tet there-are cases in which the rights of a devisee, or legal distributee,, might claim, and doubtless would receive, the aid of judicial process for the protection of such rights. If the property was likely to be wasted, destroyed or carried beyond the jurisdiction of the court before a legal representative had been constituted, or before he could enforce his legal rights in the-ordinary way, such grounds would authorize the interposition of the judge, by some one of the remedial processes knowni to our judicial system, to prevent such wrong. But-to permit- any one, merely on the grounds of his contingent-interest in the estate, to commence suit, would result in one of two consequences, neither of which could be tolerated; that is, to suspend the action of the legal representative pending such interference; or, that another suit could be carried on at the same time for the same property; the one by the devisee- or distributee, and the other by the legal representative.
Had the legal representative, after the commencement of' this suit, presented his right as an intervenor, the result perhaps-would have been different. • A proper party would then have-appeared to contest the rights of the mortgagee, and might *404 bave brought the proceedings complained of before the court for adjudication.
This not having been done, and the petition not showing-sufficient cause of action, we must affirm the judgment of the-court below. We say nothing as to the character of the proceedings before the chief justice of Matagorda county for the foreclosure of the mortgage.
Judgment affirmed.