## PRIOR V. THE STATE.

In an indictment for playing cards at a public place it is not necessary to state the name of the owner or occupant; and if stated, it need not be proved. (Note 83.)

Appeal from Dallas. Prior was indicted for playing cards in a store-house for retailing spirituous liquors, then and there situated, and being then and there occupied and used by one Alexander Bonner as a store-house for retailing spirituous liquors, the same being then and there a public place. There was no proof as to who occupied the store-house in which the witness saw the defendant playing. The defendant's counsel asked the court to charge the jury that it was necessary for the State to prove an offense committed at a store-house occupied by Alexander Bonner. The court refused to give the charge asked, and charged the jury that [384] it was not necessary for the State to prove by whom the store-house was occupied.

*Everts and Trimble*, for appellant. The allegation in the indictment as to the occupant of the store-house is descriptive of the place and necessary to identify the particular offense. Matters of description must be proved as alleged. (1 Stark. Ev., 205.) The place is often an essential ingredient in the offense, as in burglary, &c.; and in this case it is essential to the identity of the offense; so that the defendant, upon conviction or acquittal, could plead it to another indictment for the same offense. (Bush v. The Republic, 1 Tex. R., 455; 1 Greenl. Ev., 126; 127, n: 1; Id., 130, n. 4; Id., 132, 135, 136, 137.)

*Hamilton*, for appellee. It is not necessary, in an indictment for the offense charged in this case, to give the name of the proprietor of the house, and, being mentioned in the indictment, cannot constitute it a fact material to the charge. The only proof necessary was as to the facts of the offense charged— the time, character, the place, and the venue. (10 Pick. R., 37.)

Lipscomb, J. This is an appeal from a judgment rendered on a conviction for playing cards at a public place.

The only point presented for our consideration arises from a supposed failure in the proof to support the charge in the indictment as to the place. The indictment charges the playing to have been "*in a store-house for retailing spirituous liquors, then and there situated, and then and there being occupied and used by one Alexander Bonner as a store-house for retailing spirituous liquors, the same being then and there a public place.*" The evidence fully sustained the charge, as made in the indictment, as to the playing and as to its being in a store-house used for retailing spirituous liquors, and in every

particular except as to the [385] ownership or occupant of the house. The witness said that he did not know who was the owner or the occupant at that time; that it had several times been changed from the occupancy of one to another. The most material fact, and indeed all that it was necessary to have been averred, was the playing at a public place or at a house occupied for retailing spirituous liquors. It could not be important to allege who owned or occupied the house. Such an inquiry could only have been essential had the owner or occupant been indicted for permitting playing at cards in his house. In this indictment it is nothing more than surplusage; the indictment is good without it. The evidence supports all that is material to have been alleged.

Judgment affirmed.

Note 83.—Sublett v. The State, 9 T., 53; The State v. Lopez, 18 T., 33.