## B. W. WALKER v. J. MINERVA ABERCROMBIE.

(Case No. 1682.)

1. PARTIES — ESTATES OF DECEDENTS.— Though the legal representative of a deceased person's estate is the proper party to bring suit for the recovery of a debt due the estate, since this rule has its foundation in the necessity of protecting the creditors of the estate, it does not exist for the benefit of debtors, and is subject to exceptions. The legal representative is entitled to the property of the estate only in a qualified manner and for a specific purpose; for all other purposes the title is in the heir from the moment when descent is cast.

2. PARTIES — ESTATES OF DECEDENTS.— When over three years had elapsed since the death of the intestate, whose estate was alleged to have been insolvent, and during which time no one had applied for administration thereon, the surviving widow brought an action of debt on a judgment which was the community property of herself and of her deceased husband, and which was rendered nearly seven years before his death. *Held,* that under the facts stated in the opinion the surviving widow could maintain the action. Following Evans v. Oakley, 2 Tex., 185.

3. SAME.— Independent of the special facts of the case, the wife, as survivor of the community estate, could, being the owner of the judgment rendered in the life-time of her deceased husband, preserve the debt, against which limitation was nearly complete, by an action in her own name.

ERROR from Walker. Tried below before the Hon. John R. Kennard.

The opinion states the case.

*Hume & Shepard* and *McKenney & Leigh,* for plaintiff in error, cited: Moore v. Rice, 51 Tex., 289; Howard v. McKenzie, 54 Tex., 183; Lacy v. Williams, 8 Tex., 187; Giddings v. Steele, 28 Tex., 748.

*Abercrombie & Randolph,* for defendant in error, cited: Green v. Crow, 17 Tex., 184–188; Little v. Birdwell, 27 Tex., 690–91; Reeves v. Petty, 44 Tex., 253, 254; Mabry v. Ward, 50 Tex., 410, 411; Acts 15th Legislature, p. 127, sec. 125; Patton v. Gregory, 21 Tex., 517, 518; Moore v. Morse, 2 Tex., 402; Putnam v. Young, 57 Tex., 464.

STAYTON, ASSOCIATE JUSTICE.— This is practically an action of debt, instituted by Mrs. Abercombie against Benjamin W. Walker, to recover the amount of a judgment rendered in favor of her husband November 16, 1871, with interest thereon.

The petition alleges and the evidence shows that the judgment was community property between Mrs. Abercombie and her husband, who died July 15, 1878, leaving several children, all of whom

were of age at the death of their father except one, who became of age before the institution of this suit.

All of the children of Abercrombie conveyed their interest in the judgment against Walker, prior to the institution of this suit, to Mrs. Abercrombie.

It is alleged and proved that Abercrombie died insolvent, leaving no property whatever except the judgment against Walker, and that no administration had been taken out on his estate.

The petition contained statements that, if the entire sum due from Walker were recovered, it would not meet the allowance to which the widow would be entitled in lieu of exempted property, of which none was alleged to exist in kind.   It was also alleged that Walker was insolvent, and had been so since the judgment was rendered against him.

The petition ended with the following suggestion, after prayer for judgment: "But should the court deem it more appropriate, she prays for judgment against said defendant for said sum and costs aforesaid, subject to debts, claims and demands of creditors, after the allowance due her as surviving widow and her then minor son as aforesaid, in lieu of exemptions as aforesaid, have been secured to her, and she prays for general relief."

A judgment was rendered against Walker for amount of judgment, interest thereon and costs of former suit.   The judgment concludes as follows: " It is further ordered, adjudged and decreed by the court that this judgment, or the proceeds collected or realized thereon, shall be subject to such of the debts, claims and demands of the creditors of John C. Abercrombie as may be valid and subsisting, and as may be asserted and ought to be enforced by said creditors, after the allowance in lieu of exemptions from forced sale, to which plaintiff may be entitled as the surviving widow of said John C. Abercrombie, deceased, have been secured to her under the law regulating estates of deceased persons, providing that there should be set apart to the surviving widow and minor children of intestate decedent, such property of the estate of such decedent as may be exempt from forced sale, or allowance in lieu thereof, should such exemptions be not found in said estate."

This judgment does not assume to set aside to the widow and minor child any part of the estate in lieu of exempted property not existing among the property of the deceased, nor does it attempt to adjudicate that they are so entitled; but in so far as the judgment speaks in reference to this matter, it declares, in effect, that Mrs. Abercrombie, if it be collected, shall hold the proceeds of the judg-

ment just as an administrator would hold it, to be disposed of in accordance with the law regulating the matter.

There seems to have been an intention to manifest in the judgment the fact that Mrs. Abercrombie, as against creditors of the estate of her husband, should have, in the fund to be collected through the judgment, no other or greater interest therein than she would have were it collected under a judgment rendered in favor of an administrator of her husband's estate, and by him.

Hence, there arises no question in this case as to the exercise by the district court of jurisdiction which the constitution confers on the county court alone, unless it be exercised by the district court on appeal from the county court, or in some special matter in which original jurisdiction is conferred.

It is urged that Mrs. Abercrombie, as the surviving member of the community, and as assignee of the interest of the children, could not maintain this action; that such an action can be maintained by no other person than the administrator of the estate of J. C. Abercrombie.

It is ordinarily true that the legal representative of a deceased person's estate is the proper person to maintain a suit to recover property of or a debt due to an estate; but that there are exceptions to this rule is well settled, even in cases in which heirs or persons claiming rights derived from and through the deceased are the persons suing. Evans v. Oakley, 2 Tex., 185; Moore v. Morse, 2 Tex., 403; Lacy v. Williams, 8 Tex., 185; McIntyre v. Chappell, 4 Tex., 192; Cochran v. Thompson, 18 Tex., 656; Patton v. Gregory, 21 Tex., 517; Giddings v. Steele, 28 Tex., 748.

The rule is not an unbending one, and has its foundation in the necessity for giving protection to creditors of a deceased person, which in most cases makes it necessary to place the estate and its control in the hands of a legal representative, freed from interference by heirs, legatees or devisees, while such representative is in the lawful discharge of the trust.

This rule does not exist for the benefit of debtors to the estate who are indisposed to pay what they justly owe to any one.

Property vests in the legal representative of an estate only in a qualified manner and to a limited extent for a given purpose, and for all other purposes the title is in the heir from the instant of the death of the intestate.

In this case it appears with reasonable certainty that there were debts against the estate of J. C. Abercrombie, but it is claimed that there is no property subject to their payment; that all the property,

if realized, would be consumed in the payment to the widow and minor child of allowances in lieu of exempted property. This may be true, and if so would bring the case within the exceptions recognized in the cases referred to; but the district court ordinarily has no jurisdiction to determine in an original proceeding whether such allowance should be made, nor how much should be allowed, and in the absence of such power it would be unable to tell whether or not a part or even all of the money resulting from the judgment against Walker might not be required to be paid to creditors.

The court below did not attempt to exercise such jurisdiction; its judgment simply preserves the fund, which is as open to the claims of creditors as it was before.

Over three years had passed after the death of Abercrombie and no creditor of his had felt sufficient interest in his estate to cause administration to be opened; over nine years had elapsed since the return of the only execution which ever issued on the judgment against Walker. Under such circumstances, were the surviving widow and the heirs — and under the facts the widow had all the right and power which the heirs ever possessed — wanting in power to preserve that of which they had the legal title? Could they have instituted a suit against a trespasser, there being no administrator, to have recovered damage for injuries done to property of the estate? Could they have instituted any action necessary to preserve the property? They surely could, for it would not be in derogation of the rights of creditors to do so, and the wrong-doer could not be heard to complain of the exercise of such right as ordinarily pertains even to a qualified ownership — the right and power to preserve.

It may be true that the judgment could not have been technically revived by another than a legal representative of the estate; yet, it would seem for the preservation of the fund, which would soon be lost by limitation if some steps were not taken to keep it alive, that the widow, under the facts of this case, might institute and maintain an action of debt, which the present is substantially, for the preservation of her right, and that in such case the court would have full power to protect the debtor from any possible injury if he took the proper steps to invoke such action.

No such protection was invoked in this cause, but the debtor stood upon what he conceived to be a technical legal right, through which, in a short time, he expected without payment to have a complete legal defense against the debt.

As was said by Chancellor Kent in McDown v. Charles, 6 Johns. Ch., 132, we may say in this case: "The case warrants the inference

that the defendant does not wish or intend to account to any human being for the debt which he owes the estate. If the plaintiff cannot sue, there is no person to call the defendant to account, and the plaintiff is to lose her share of the fund. It is a peculiar case, and, taking the facts in the bill to be true, the plaintiff ought to be permitted to sue."

The power of the court in such cases to give full protection to the debtor is recognized in the very first cases which came before this court. In Evans v. Oakley, 2 Tex., 185, enumerating some of the exceptions to the general rule, the court said: "We do not intend to be understood as ruling that in no case could an heir sue for property before the succession through which he deraigned his right has been legally closed, according to the laws regulating such successions. We believe such a case could be sustained. Suppose there were no creditors and no administration, and the heirs should sue for property, setting forth the fact that there were no outstanding debts, and no other heirs, a court, in the exercise of equity jurisdiction, could sustain the suit with perfect safety to the rights of others, because such interests or rights, if they should at any reasonable time appear, would be secured by such guaranties as the court would have power to direct."

In Moore v. Morse, 2 Tex., 403, it was said: "Yet there are cases in which the rights of a devisee or legal distributee may claim, and doubtless would receive, the aid of judicial process for the protection of such rights. If the property was likely to be wasted, destroyed or carried beyond the jurisdiction of the court before a legal representative had been constituted, or before he could enforce his legal rights in the ordinary way, such ground would authorize the interposition of the judge by some one of the remedial processes known to our judicial system to prevent such wrong."

Here the subject matter of litigation would soon, in legal contemplation, be destroyed by lapse of time; those for whose benefit, chiefly, administration is granted had not seen proper to have an administration opened; sufficient time had elapsed to bar all debts not evidenced by writing; a *prima facie* case showing no interest of creditors in the fund is shown, and the beneficiary may not have been able to take out letters of administration. · Under such facts, relief, which only tends to preserve rights, and to destroy none, ought not to be denied. If the defendant is not sufficiently protected it is because he sought no such protection as the court below could, and would if deemed necessary, have given to him.

There is, however, another view of this case which to us seems

conclusive of the question. Mrs. Abercrombie is the survivor of the community; the judgment on which the action is based was community property; her right is not one solely derivative, as is that of an heir, and her power to protect her own interest and the interest of the community, in a case like this, stands on different ground to that of one who claims solely a derivative right.

The powers of the survivor of the community in regard to the common estate, under our system, have been recognized to be very great.

Without administration she may in good faith sell the property of the estate for payment of debts, and thus destroy the title of heirs and the right of creditors longer to look to it. Jones v. Jones, 15 Tex., 143; Primm v. Barton, 18 Tex., 222; Good v. Coombs, 28 Tex., 51; Dawson v. Holt, 44 Tex., 174; Wenar v. Stenzel, 48 Tex., 488; Johnson v. Harrison, 48 Tex., 257; Sanger Bros. v. Heirs of Moody, *ante*, p. 96. If she can thus destroy the title of an estate in community property, she surely may preserve it through an action in her own name.

The powers of a survivor in reference to the common estate are recognized to be in many respects similar to the powers held by the survivor of an ordinary partnership. Woodley v. Adams, 55 Tex., 531; Carter v. Connor, *ante*, p. 52.

That such a survivor could maintain an action of debt on a judgment obtained in the name of the firm during the life of the deceased member would not be questioned.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered February 8, 1884.]