# THE

# TEXAS LAW REPORTER

## AUSTIN, TEXAS, APRIL, 1884.

### B. W. WALKER v. J. M. ABERCROMBIE.

SUPREME COURT, GALVESTON TERM, 1884.

See the opinion for a statement of the case.

*Practice.*—It is ordinarily true that the legal representative of a decedent's estate is the proper person to maintain a suit to recover property of, or a debt due to, an estate, but there are exceptions to this rule, even in cases in which heirs, or persons claiming rights derived from and through the deceased, are the persons suing. See the opinion for authorities.

*Same.*—Such rule, however, is not immutable, but has its foundation in the necessity for affording protection to creditors of a decedent, which, in most cases, renders it necessary to place the estate and its control in the hands of a legal representative, freed from interference by heirs, legatees or devisees, while such representative is in the lawful discharge of his trust. This rule, does not however, exist for the benefit of wilfully defaulting debtors to the estate.

*Estates of Decedents.*—It is a recognized rule of law that property vests in the legal representatives of an estate only in a qualified manner, and to a limited extent and only for a given purpose; and for all other purposes it is in the heir from the instant of the death of the intestate.

*Same.*—If it be true, as appears with reasonable certainty, that there were debts against the estate of Abercrombie, and it were true, as claimed, that there was no property subject to the payment of such debts; that all the property if realized, would be consumed in the payment to the widow and minor child, allowances in lieu of exemptions, it would bring the case within the exceptions covered by the authorities cited in the opinion, but the district court has no jurisdiction to determine in an original proceeding, whether such an allowance should be made, nor how much should be allowed; and in the absence of such power, it would be unable to tell whether or not a part, or even all of the money resulting from the judgment against Walker, (see the statement of the case in the opinion) might not be required to be paid to the creditors. But the court below did not attempt the exercise of this jurisdiction.

*Same—Practice.*—Three years had elapsed since the death of A. and no creditor demanded administration; over nine years since the return of the one execution

against Walker. Under such circumstances the widow of A. and heirs, could maintain a suit against a trespasser for damages, though there was no administrator, or any action to preserve the property.

*Same.*—While it might be true that the judgment might be technically revived by another than a legal representative, still the widow, under the facts of this case, could maintain an action of debt for the preservation of her right, and the court would have full power to protect the debtor from injury, if he took the proper steps to invoke it. But see the opinion on the question, for the defendant's status in this case.

*Same.*—When there is no creditor and no administration, a court in the exercise of its equity jurisdiction, will sustain the suit of an heir for property, if it is shown that there is no outstanding debts and no other heirs.

*Same.*—The rule reduced, is that laid down in 2 Texas, 400, to the effect, that the interest of a legatee in the property bequeathed him, can in general, only be asserted through the legal representative of his testator, according to the laws regulating the estates of deceased persons. But that case recognizes the exception to the rule in the following language: "Yet there are cases in which the rights of the devisee or legal distributee, &c. &c. * * *." (See opinion, and Moore v. Morse, 2 Texas, 402.)

*Same.*—Without administration, the survivor of a community estate may sell the property of the estate for the payment of debts, and thus destroy the title of heirs, and the right of creditors longer to look to it. (15 Texas, 143; 18 Id, 222, and other cases cited in opinion.) Being thus empowered, the surviving widow in this case could preserve the title to the estate by an action in her own name.

*Same—Survivorship.*—The powers of a survivor in reference to the common estate, are, in many respects, similar to those of the survivor of an ordinary partnership, and that such a survivor could maintain an action of debt on a judgment obtained in the name of the firm during the lifetime of the deceased members, is beyond question. But see the opinion on the questions involved.

Opinion by Stayton, J.

This is practically an action of debt, instituted by Mrs. Abercrombie against Benjamin W. Walker, to recover the amount of a judgment rendered in favor of her husband, Nov. 10, 1871, with interest thereon.

The petition alleges and the evidence shows, that the judgment was community property between Mrs. Abercrombie and her husband, who died July 15, 1878, leaving several children, all of whom were of age at the death of their father except one who became of age before the institution of this suit.

All of the children of Abercrombie conveyed their interest in the judgment against Walker, prior to the institution of this suit, to Mrs. Abercrombie.

It is alleged and proved, that Abercrombie died insolvent, leaving no property whatever, except the judgment against Walker, and that no administration had been taken out on his estate.

The petition contained statements that if the entire sum due from Walker were recovered, it would not meet the allowance to which the widow would be entitled in lieu of exempted property, of which none was alleged to exist in kind. It was also alleged that Walker was insolvent, and had been so since the judgment was rendered against him.

The petition ended with the following suggestion, after prayer for judgment : "But should the court deem it more appropriate, she prays for judgment against said defendant for said sum and costs aforesaid, subject to debts, claims and demands of creditors, after the allowance due her as surviving widow and her then minor son as aforesaid, in lieu of exemptions as aforesaid, have been secured to her, and she prays for general relief."

A judgment was rendered against Walker for amount of judgment, interest thereon and costs of former suit.

The judgment concludes as follows: "It is further ordered, adjudged and decreed by the court, that this judgment or the proceeds collected or realized thereon, shall be subjected to such of the debts, claims and demands of the creditors of John C. Abercrombie, as may be valid and subsisting, and as may be asserted, and ought to be enforced by said creditors after the allowance in lieu of exemptions from forced sale, to which plaintiff may be entitled as the surviving widow of said John C. Abercrombie, deceased, have been secured to her under the law regulating estates of deceased persons, providing that there should be set apart to the surviving widow and minor children of intestate decedent, such property of the estate of such decedent as may be exempt from forced sale, or allowance in lieu thereof, should such exemptions be not found in said estate."

This judgment does not assume to set aside to the widow and minor child any part of the estate in lieu of exempted property not existing among the property of the deceased, nor does it attempt to adjudicate that they are so entitled; but in so far as the judgment speaks in reference to this matter, it declares, in effect, that Mrs. Abercrombie, if it be collected, shall hold the proceeds of the judgment, just as an administrator would hold it, to be disposed of in accordance with the law regulating the matter. There seems to have been an intention, to manifest in the judgment the fact, that Mrs. Abercrombie, as against creditors of the estate of her husband, should have in the fund to be collected through the judgment no

other or greater interest therein than she would have were it collected under a judgment rendered in favor of an administrator of her husband's estate, and by him.

Hence, there arises no question in this case as to the exercise by the district court of jurisdiction which the constitution confers on the county court alone, unless it be exercised by the district court on appeal from the county court, or in some special matter in which original jurisdiction is conferred.

It is urged that Mrs. Abercrombie as the surviving member of the community, and as assignee of the interest of the children, could not maintain this action; that such an action can be maintained by no other person than the administrator of the estate of J. C. Abercrombie.

It is ordinarily true that the legal representative of a deceased person's estate is the proper person to maintain a suit to recover property of, or a debt due to an estate, but that there are exceptions to this rule is well settled, even in cases in which heirs or persons claiming rights derived from and through the deceased are the persons sueing. Evans v. Oakley, 2 Texas, 185; Moore v. Morse, 2 Texas, 403; Lacy v. Williams, 8 Texas, 185; McIntyre v. Chappel, 4 Texas, 192; Cochran v. Thompson, 18 Texas, 856; Patton v. Gregory, 21 Texas, 617; Giddings v. Steele, 28 Texas, 748.

The rule is not an unbending one, and has its foundation in the necessity for giving protection to creditors of a deceased person, which, in most cases, makes it necessary to place the estate and its control in the hands of a legal representative, freed from interference by heirs, legatees or devisees, while such representative is in the lawful discharge of the trust.

This rule does not exist for the benefit of debtors to the estate, who are indisposed to pay what they justly owe to any one.

Property vests in the legal representative of an estate only in a qualified manner, and to a limited extent for a given purpose; and for all other purposes the title is in the heir from the instant of the death of the intestate.

In this case it appears with reasonable certainty, that there were debts against the estate of J. C. Abercrombie, but it is claimed that there is no property subject to their payment; that all the property if realized, would be consumed in the payment to the widow and minor child, of allowance in lieu of exempted property.

This may be true, and if so, would bring the case within the exceptions recognized in the cases referred to; but the district court ordinarily has no jurisdiction to determine in an original proceeding, whether such allowance should be made, nor how much should be allowed, and in the absence of such power, it would be unable to tell whether or not a part or even all of the money resulting from the judgment against Walker, might not be required to be paid to creditors.

The court below did not attempt to exercise such jurisdiction; its judgment simply preserves the fund which is as open to the claims of creditors as it was before.

Over three years had passed after the death of Abercrombie, and no creditor of his had felt sufficient interest in his estate to cause administration to be opened; over nine years had elapsed since the return of the only execution which ever issued on the judgment against Walker; under such circumstances were the surviving widow and the heirs, and under the facts, the widow had all the right and power which the heirs ever possessed, wanting in power to preserve that of which they had the legal title ? Could they have instituted a suit against a trespasser, there being no administrator, to have recovered damage for injury done to property of the estate ? Could they have instituted any action necessary to preserve the property ? They surely could, for it would not be in derogation of the rights of creditors to do so, and the wrongdoer could not be heard to complain of the exercise of such right as ordinarily pertains even to a qualified ownership, the right and power to preserve.

It may be true that the judgment could not have been technically revived by another than a legal representative of the estate; yet, it would seem for the preservation of the fund, which would soon be lost by limitation if some steps were not taken to keep it alive, that the widow, under the facts of this case might institute and maintain an action of debt, which the present is substantially, for the preservation of her right, and that in such case the court would have full power to protect the debtor from any possible injury, if he took the proper steps to invoke such action.

No such protection was invoked in this cause, but the debtor stood upon what he perceived to be a technical legal right, through which, in a short time, he expected without payment to have a complete legal defense against the debt. As was said by Chancellor

Kent in McDown v. Charles, 6 John, Ch. 132, we may say in this case : "The case warrants the inference that the defendant does not wish or intend to account to any human living, for the debt which he owes the estate. If the plaintiff can not sue, there is no person to call the defendant to account, and the plaintiff is to lose her share of the fund. It is a peculiar case, and taking the facts in the bill to be true, the plaintiff ought to be permitted to sue."

The power of the court in such cases to give full protection to the debtor is recognized in the very first cases which come before this court. In Evans v. Oakley, 2 Texas, 185, enumerating some of the exceptions to the general rule, the court said : "We do not intend to be understood as ruling that in no case could an heir sue for property before the succession through which he deraigned his right has been legally closed, according to the laws regulating such successions. We believe such a case would be sustained. Suppose there were no creditors and no administration and the heir should sue for property, setting forth the fact that there were no outstanding debts, and no other heirs. A court in the exercise of equity jurisdiction could sustain the suit with perfect safety to the rights of others, because such interests are rights, if they should at any reasonable time appear, would be secured by such guaranties as the court would have power to direct."

In Moore v. Morse, 2 Texas, 402, it was said : "Yet there are cases in which the rights of a devisee, or legal distributee may claim, and doubtless would receive the aid of judicial process for the protection of such rights.

If the property was likely to be wasted, or carried beyond the jurisdiction of the court before a legal representative had been constituted, or before he could enforce his legal rights in the ordinary way, such ground would authorize the interposition of the judge, by some one of the remedial processes known to our judicial system, to prevent such wrong."

Here the subject matter of litigation would soon, in legal contemplation, be destroyed by lapse of time; those for whose benefit, chiefly, administration is granted, had not seen proper to have an administration opened; sufficient time had elapsed to bar all debts not evidenced by writing; a *prima facie* case, showing no intent of creditors in the fund is shown, and the beneficiary may not have been able to take out letters of administration; under such facts re-

lief which only tends to preserve rights, and to destroy none, ought not to be denied. If the defendant is not sufficiently protected, it is because he sought no such protection as the court below could and would, if deemed necessary, have given to him.

There is, however, another view of this case, which to us seems conclusive of the question. Mrs. Abercrombie is the survivor of the community; the judgment on which the action is based was community property; her right is not one solely derivative as is that of an heir, and her power to protect her own interest and the interest of the community, in a case like this, stands on different ground to that of one who claims solely a derivative right.

The powers of the survivor of the community in regard to the common estate, under our system, have been recognized to be very great.

Without administration she may in good faith sell the property of the estate for payment of debts, and thus destroy the title of heirs and the right of creditors longer to look to it. Jones v. Jones, 15 Texas, 148; Prim v. Barton, 18 Texas, 222; Good v. Coombs, 28 Texas, 51; Danson v. Holt, 44 Texas, 174; Wener v. Stenzel, 48 Texas, 488; Johnson v. Harrison, 48 Texas, 257; Lang Bros., v. Heirs of Moody, 59 Texas.

If she can thus destroy the title of an estate in community property, she surely may preserve it through an action in her own name.

The powers of a survivor in reference to the common estate, are recognized to be in many respects similar to the powers held by the survivor of an ordinary partnership. Woodley v. Adams, 55 Texas, 531; Carter v. Conner, 59 Texas.

That such a survivor could maintain an action of debt on a judgment obtained in the name of the firm during the lifetime of the deceased member would not be questioned. There is no error in the judgment and it is affirmed.