WILLIAMSON & WIFE *vs.* MASON, Adm'x, &c.

1. An administrator cannot be compelled to make distribution of the estate within eighteen months after grant of administration, unless the estate has been reported solvent. Whether, if such report has has been made, distribution will be decreed—Quere?

Error to the Orphans' Court of Wilcox.

J. W. Pryor, for the plaintiffs in error:

The demurrer admits that the administratrix has sufficient property in her possession, besides that of which petitioner prayed distribution, to pay all the debts of her intestate.

It is the duty of the representative to distribute the estate of his intestate within three months after reporting estate insolvent. Acts 1820, ch. 20, § 1; Toulmin's Dig. 333; Clay's Dig. 196, § 22. And it is his duty to report the estate solvent, as soon as he can ascertain the fact. In this case, the fact of the solvency is admitted by the demurrer; and it is the duty of the administratrix to make distribution, without petition by the distributees.

The act authorising petition was passed in 1812.—Clay's Dig. 196, § 23. That requiring the administrator to make distribution within three months after representing the estate solvent, was passed in 1820, and should be observed by the administrator, whether the distributees petition or not.

It may be said, that it does not appear from this petition that the estate has been represented solvent. But the neglect of the administratrix to do this does not affect the right of the distributees to have distribution within three months after estate is known by administratrix to be solvent.

Now, if it was the duty of the administratrix to make distribution as soon as she ascertained the solvency, what objection can be urged to the petition, though eighteen months had not elapsed? Suppose the act of 1812, (Clay's Dig. 196, § 23,) had not been passed, could not distributees petition as soon as they are entitled to distribution?

Stone & Judge, for the defendant:

1. The demurrer to the petition was rightfully sustained, because it was filed *before* the expiration of eighteen months after

the granting of letters of administration.—Clay's Dig. 196, § 23. This act ascertains the period when an estate *shall be distributable.*—Harrison v. Harrison et al., 9 Ala. 470—see also, Leavens v. Butler, *et ux.* 8 Port. 380.

2. By the act of 1820, (Clay's Dig. 196, § 22,) within three months " *after an estate is represented to be solvent by the administrator*," distribution may be made, &c.—but this is not a proceeding under that statute which contemplates that the administrator *shall be the actor.* Besides, this act " is not imperative on the Orphans' Court."—Reynolds' Adm'rs v. Reynolds' Dist's, 11 Ala. 1023.

PARSONS, J.—The plaintiffs in error filed their petition in the Orphans' Court of Wilcox county, against the defendant as administratrix of her late husband, Jonathan Mason, deceased, alleging that Mrs. Williamson was the sole heiress of the intestate, and, except the widow, the administratrix, his only distributee. The petitioners prayed a distribution of a large part of the personal estate of the intestate, alleging that there was enough besides to pay all debts of the estate. The administratrix demurred to the petition, and the court sustained the demurrer. The party demurring is to be considered as admitting by the demurrer all the facts that are well pleaded. But this petition does not allege that the administratrix had reported the estate solvent, and it appears that the petition was filed long before the term of eighteen months had elapsed, after the grant of the administration. This period of eighteen months is allowed by the statute to administrators, before a distributee can compel the administrator to distribute the estate, for reasons which are obvious to all. There is one case, however, in which distribution may be required before the lapse of the eighteen months, as we understand the statute—that is, the case of a report from the administrator, that the estate is solvent. This report can be properly made, only when the estate is " not involved in debt, so as to enforce a sale of *any part* of his, or her estate."—Clay's Dig. 196, § 22. This shows how we are to understand the word " solvent," as used in the act. If distribution can be decreed in any case, before the eighteen months expire, (a question which it is not necessary to decide in this case, although that, as already said, is our present understand-

ing of the act;) it is only where the administrator reports the estate as solvent; thus admitting, at his peril, that the estate is " not involved in debt, so as to enforce a sale of *any part*" thereof. In this case, the administratrix had not reported the estate solvent; and the fact that she had reported it solvent is not stated in the petition; therefore, the petition was demurrable, and for this reason the judgment is affirmed.