## MARSHALL vs. CROW'S ADM'R.

[BILL IN EQUITY FOR PARTITION OF PERSONAL PROPERTY.]

1. *Bill lies.*—A bill lies to obtain partition of personal property between tenants in common.
2. *Distribution of estate in equity.*—When an estate is entirely free from debt, equity will decree distribution, on the application of the distributees, without the expense and delay of an administration ; or the distributees, if adults, may agree upon a division, and chancery will uphold it, if no unfairness intervene; but if the administrator, or any one of the distributees, seeks a settlement of the estate through an administration, the proceedings will not be restrained ; and therefore, the administrator of a deceased distributee may file a bill in equity to obtain his intestate's distributive share of the estate, although it is in the hands of the guardian of the other distributees.
3. *Husband's interest as distributee in separate estate of deceased wife.*—On the death of the wife, intestate, having a separate estate secured by law, the husband is entitled to one half of the personalty, absolutely, whether in possession or not.

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. WADE KEYES.

THE facts are stated in the opinion of the court.

R. C. TORREY, for the appellant.
WM. P. LESSLIE, *contra*.

STONE, J.—The bill in this case was filed by the administrator of Mrs.' Elizabeth Crow, to obtain partition of certain personal property, alleged to be in the possession of John L. Marshall. The complainant's intestate and five others, who are made defendants to the bill, are joint owners of the property. John L. Marshall holds the property as guardian for the other five defendants.

There is no conflict between the bill and answer, on any point which we deem material to the decision of this case. Wm. B. Marshall, the father of complainant's intestate, died in 1849 ; and the personal property of his estate was, in 1850, placed by his administrator, without division, in the hands of John L. Marshall, as guardian of the six children. The property was thus held and worked in common until this bill was filed. Said Elizabeth intermarried with Josiah L. Crow in 1854 ; and on the 10th day of July, 1855, died intestate, leaving no child. Mrs. Crow owed no debts.

A bill lies to obtain partition of personal property between tenants in common.—Smith v. Dunn, 27 Ala. 315.

The defense relied on is, that the marital rights of said Josiah L. never attached, because he never reduced the property to possession as husband ; that the brothers and sisters of the said Elizabeth are her next of kin, and heir-at-law ; and that, inasmuch as the property is in their possession, and intestate owed no debts, equity will sanction and legalize such possession.

When an estate is left entirely free from debt, and the distributees do not invoke the action of the probate court to separate their several interests, but ask the chancellor to give them their respective shares without the expense and delay of an administration, the bill will be entertained, and the relief granted.—Bethea v. McCall, 5 Ala. 308 ; Miller v. Eatman, 11 Ala. 609 ; Vanderveer v. Alston, 16 Ala. 494. So also, on well-defined principles, the distributees in such case, if adults, may themselves agree on a division ; and, if

no unfairness intervene, chancery will uphold it; presuming that to be well done, which ought to have been done.—Vanderveer v. Alston, *supra;* Wilson v. Morris, 28 Ala. But, notwithstanding these well-settled principles, where there are more distributees than one, and any one of them, or the administrator, seeks a settlement of the estate through an administration, neither chancery nor any other tribunal will restrain the proceedings.—Williamson v. Mason, 18 Ala. 87.

It thus appears that the bill in this case is well filed, whether the husband takes any interest in the estate or not.

The act "securing to married women their separate estates," approved March 1, 1848 ; the act "to alter and amend an act securing to married women their separate estates," approved Feb'y 13, 1850 ; and article 3, chapter 1, title 5, part 2, of the Code, have wrought very substantial changes in the rights which grow out of the relation of husband and wife.—See Bryan v. Weems, 25 Ala. 195 ; Gerald v. McKenzie, 27 Ala. 166 ; Friend v. Oliver, *ib.* 532. Marriages solemnized since that policy was inaugurated, or governed by its principles, are not a gift to the husband of the wife's personal property in possession, or which may be reduced to possession during the coverture. On the contrary, all such property is the separate estate of the wife, of which her husband is the trustee. Code, §§ 1982–3–6. These enactments necessarily overturn all those principles of the common law, which grew out of the husband's reduction to possession of the wife's property. Hence that inquiry is immaterial in this case. The Code (§ 1990) declares, that the surviving husband of an intestate wife is entitled to one half of her personal estate absolutely, and to the use of her realty during life. This language is plain and unambiguous ; and under it, the husband takes as distributee in all the transmissible estate, of which the wife died the owner, whether in possession or not. To the extent of his interest, his claim is of equal dignity to that of the next of kin to the intestate.

The decree of the chancellor, being in accordance with these principles, is affirmed.