## AUSTIN *vs.* JORDAN.

[PETITION TO COMPEL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Presumption of settlement after lapse of twenty years.*—As a general rule, an administrator may be called to a final settlement, in the absence of special circumstances, at the expiration of eighteen months from his appointment; and if the parties interested in the estate suffer twenty year from that time to elapse, without taking any steps to compel a settlement the courts will presume a settlement and distribution of the estate.

APPEAL from the Probate Court of Madison.

IN the matter of the estate of John Pipkin, deceased, on the petition of William C. Austin and others, who claimed to be distributees of said estate, asking that Fleming Jordan, the administrator, might be cited to a final settlement of his accounts. The petition was filed on the 18th July, 1859, and alleged, that the intestate died

in 1833 ; that letters of administration on. his estate were granted to said Jordan, by the probate court of Madison, on the 13th November, 1833; and that said Jordan had never made a final settlement of his administration. The administrator demurred to the petition, and assigned the following causes of demurrer, "in short by consent:" "1st, the lapse of twenty years ; 2d, the statute of limitations; and, 3d, the presumption of payment." The probate court sustained the demurrer, and dismissed the petition ; and its decree is here assigned as error.

HUMPHREYS & TRACY, for appellants.

ROBINSON & JONES, contra.

STONE, J.—The case of Rhodes v. Turner and Wife, 21 Ala. 210, was a proceeding in the probate court of Mobile county, to bring the executor to a settlement of the estate in his hands. In that case, our predecessors said : "If the parties allow this period (twenty years) to elapse without taking any steps to compel a settlement, we think the presumption of payment arises, and the executor or administrator should be exempted from the necessity of hunting up evidence to prove accounts and vouchers which ordinarily enter into such settlements, and which, after such a lapse of time, it would, perhaps, in most cases, be impossible for him to obtain. This period of twenty years, we apprehend, would date from the time when the administrator or executor might have been called to a final settlement of the estate."

The rule thus declared has been several times quoted with approbation by this court, and, we think, must now be regarded as a settled principle.—Barnett v. Tarrence, 23 Ala. 463; McArthur v. Carrie, 32 Ala. 75. See, also, Gantt v. Phillips, 23 Ala. 275; Lay v. Lawson, ib. 377 ; Harvey v. Thorpe, 28 Ala. 250 ; Milton v. Haden, 32 Ala. 30.

As a general rule, and in the absence of special circumstances, an administrator *may* be called to a final settlement at the end of eighteen months after his appoint-

ment.—Clay's Digest, 196 ; Williamson v. Mason, 18 Ala. 87 ; Code, § 1778.

Mr. Jordan had received his appointment as administrator more than twenty-five years before the petition in this case was filed. So far as we are informed, no steps had been previously taken to bring him to a settlement. Under these circumstances, we feel constrained by the rule above announced to presume that the estate had been fully administered, and the distributive interests paid.

The decree of the probate court is affirmed.