## PHILLIPS *vs.* THREADGILL.

[BILL IN EQUITY FOR PARTITION, AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Parties to bill for distribution.*—The personal representative of a decedent's estate is a necessary party to a bill filed by some of the distributees, against a person who is in adverse possession, for the recovery and distribution of property belonging to the estate.

2. *Non-joinder of parties.*—The non-joinder of a necessary party is a fatal defect, for which the bill may be dismissed on general demurrer.

APPEAL from the Chancery Court of Russell.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed, on the 11th February, 1858, by John A. J. Phillips, and Mary E. his wife, (formerly Mary E. Drake,) against William Threadgill, and Martha A., his wife, (formerly Martha A. Drake;) and sought a recovery, partition, and distribution of certain slaves, which were alleged to be in the possession of the defendants at the commencement of the suit. Mrs. Threadgill was formerly the wife of Green W. Drake, deceased, who died in Mississippi, (where he resided,) in June, 1838; and Mrs. Phillips, one of the complainants, was a daughter of said Drake. The bill alleged, that letters of administration on the estate of said Drake were granted, soon after his death, by the proper court in Mississippi; that the estate was there partly administered, and all the debts paid by the administrator; that the slaves here in controversy were in the possession of said Drake at the time of his death, but were never administered; that his widow removed to Russell county, Alabama, soon after his death, and brought said slaves with her; that she there married William Threadgill, some time during the year 1843, and that he has since had the possession of said slaves. The defendants demurred to the bill, for want of equity, and because the other distributees of the estate of Green W.

Drake were not made parties. The chancellor sustained the demurrer for want of equity, because (*inter alia*) the personal representative of the estate of said Drake was not made a party to the bill; and his decree is now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellants.
BAKER & LEWIS, *contra.*

R. W. WALKER, J.—Where distributees file a bill *against a person in adverse possession*, for the recovery and distribution of property belonging to the estate, it is indispensable that there should be an administrator of the estate, and that he should be made a party to the suit.—*Gardner Gaunt,* 19 Ala. 666; *Robinson v. Robinson,* 11 Ala. 947; *Blackwell v. Blackwell,* 33 Ala. 64; *Alexander v. Stewart,* 8 Gill & J. 226; *Marshall v. Crow,* 29 Ala. 278. If the slaves, which the complainants seek to recover and have distributed, belong to the estate of Green W. Drake, the probate court of Russell county has jurisdiction to grant letters of administration on his estate:—Code, § 1667, sub. 4. But it does not appear that any administrator has been appointed by that court. At all events, no personal representative of the decedent is made a party to the suit; and, consequently, the legal title to the property has not been brought before the court. As this was a fatal defect in the bill, the chancellor did not err in dismissing it.

Decree affirmed.