## RAGLAND'S EXECUTORS *vs.* MORTON.

[BILL IN EQUITY FOR SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS, AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Presumption of settlement after lapse of twenty years.*—In the absence of special circumstances, an administrator may be called to a final settlement of his accounts and vouchers at the expiration of eighteen months from his appointment; and if the parties interested in the estate suffer twenty years after that time to elapse, without taking any steps to compel a settlement, the lapse of time raises a presumption of settlement, and is fatal to any relief.

2. *Pleadings as to lapse of time, or statute of limitations.*—The lapse of

time, or the statute of limitations, is available as a defense in equity on demurrer; and if there are any special circumstances, which bring the case within any exception to the general rule, they must be averred in the bill, or by way of special replication to a plea.

APPEAL from the Chancery Court of Madison.
Heard before the Hon. S. K. MCSPADDEN.

THE bill in this case was filed, on the 6th August, 1860, by Daniel S. Morton, against John W. Scruggs and Robert B. Lindsay, individually, and as executors of the last will and testament of George O. Ragland, deceased, together with the children and heirs-at-law of said Ragland and his deceased wife; and sought to compel a settlement of said Ragland's administration on the estate of David Morton, deceased, and a decree for the complainant's distributive share of said estate, or of the assets belonging to said estate for which said executors or their testator might be found liable. According to the allegations of the bill, said David Morton died, intestate, in Franklin county, Alabama, prior to September, 1833; leaving his widow, Mrs. Mary Morton, and his two sons, Quinn and David S. Morton, as his heirs-at-law and distributees. In September, 1838, Mrs. Mary Morton married said George O. Ragland, by whom she afterwards had several children; and she died, intestate, in 1858, leaving her husband and children as her distributees and heirs-at-law. "On or about the 6th December, 1838, said George O. Ragland was duly appointed, by the probate court of Franklin county, administrator *de bonis non* of the estate of said David Morton, deceased, and took upon himself the burden and duties of said office as administrator. At the March term, 1839, said Ragland, as such administrator, recovered a judgment for one hundred and eleven 90-100 dollars, against one John W. Hodges, who was the former administrator of said estate, and who had resigned, or been removed; and said Ragland afterwards collected said judgment from said Hodges. Said Ragland, as such administrator *de bonis non*, possessed himself of other personal property belonging to said estate, amounting in value to twenty thousand dollars and up-

wards. Said Ragland never returned to said probate court of Franklin an inventory of the property in his possession belonging to said Morton's estate; never made a final settlement of said estate, nor annual settlements of the same, but treated and managed the property as his own—worked the negroes of the estate with his own, for his own use and benefit, keeping no account of their hire, profits, or services; removed them from this State, without legal authority; carried them, at one time, to Memphis, Tennessee, where he kept them for several years; then moved them to Chattanooga, and afterwards to Madison county, Alabama, and sold some of them without authority; and the balance of the negroes belonging to the estate of said David Morton are now employed by said Scruggs and Lindsay, for the profit and benefit of the estate of said Ragland. Said George O. Ragland departed this life some time in the year 1858, having made and published his last will and testament, in which he appointed said John W. Scruggs and R. B. Lindsay the executors thereof; and said Scruggs and Lindsay, soon after the death of said testator, duly proved said will in the probate court of Franklin county, and took upon themselves the burden and execution thereof." A copy of the will of said Ragland was not made an exhibit to the bill; nor was there any reference in the bill, or in any of the amendments thereto, to the annual or partial settlement of his accounts by said Ragland in 1844, which is mentioned in the opinion of the court.

The executors filed an answer, in which they incorporated a demurrer for want of equity, and on account of the lapse of time and the staleness of the demand; and they also pleaded the statute of limitations and the staleness of the demand, as a bar to the relief sought. The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant. The overruling of the demurrer, and the final decree of the chancellor, are now assigned as error. There was also, by consent, a cross assignment of errors by the complainant, which requires no particular notice.

WALKER & BRICKELL, for the appellants, cited *Maury v.*

Ragland's Ex'rs v. Morton.

*Mason*, 8 Porter, 211; *Johnson v. Johnson*, 5 Ala. 90; *Nimmo v. Stewart*, 21 Ala. 692; *Austin v. Jordan*, 35 Ala. 642; *Stearns v. Page*, 1 Story, 204; *Bertine v. Varian*, 1 Edw. Ch. 343; *McKnight v. Taylor*, 1 How. (U. S.) 161; *Ordinary v. Stedman*, 1 Harper's Law R. 287.

F. P. WARD, *contra.*—The statute of limitations does not run in favor of trustees.—Angell on Limitation, 164; *Rhodes v. Turner and Wife*, 21 Ala. 210. The presumption of payment does not arise in the case—1st, because twenty years, exclusive of Ragland's absence from the State, had not elapsed when the bill was filed; 2d, because the distributees were infants, and there was no one to sue; 3d, because Ragland, in his will, admits his liability; and, 4th, because of the partial settlement in 1844, set up in the answer of the executors.

BYRD, J.—George O. Ragland having been appointed administrator *de bonis non* of the estate of David Morton, on the 6th December, 1838; and the bill in this case having been filed on the 6th of August, 1860, against the executors of the will of Ragland, for a settlement of his administration upon the estate of Morton; and the executors having interposed a demurrer to the bill, and assigned the lapse of time as one of the grounds of demurrer, we are of opinion that, under the allegations of the bill, and the amendments thereto, the demurrer should have been sustained.—*Nimmo v. Stewart*, 21 Ala. 692; *Johnson v. Johnson*, 5 Ala. 90; *Worley's Adm'r v. High*, 40 Ala.

The fact that Ragland *removed the slaves* from this State, to the State of Tennessee, and kept them there for several years, does not relieve the case from the influence of the rule recognized as established in this State in the case of *Austin v. Jordan*, (35 Ala. 642,) and the cases therein cited. See, also, the case of *Bone and Wife v. Jordan*, decided at the last term.—40 Ala.

The bill, when construed by the rules applicable to pleadings in equity, does not show a continuing trust on the part of Ragland, nor any act or admission of his, within twenty years next preceding the filing of the bill, of such a trust,

or any trust, which would bring the case within any exception to the rule, or relieve the case from its operation. If there are any acts, or admissions of Ragland, which would do so, they should have been averred in the bill, or by way of special replication.—*Maury v. Mason*, 8 Porter, 211 *Johnson v. Johnson, supra.*

We intimate no opinion upon the question, whether the case would be relieved from the influence of the rule alluded to, if the appellee had set out the contents of the will of Ragland in his bill, or had set up the partial settlement, made in 1844, as a reply to the objection of lapse of time. We think it safer not to decide the question, until it is properly raised on the record, and argued.

The decree of the chancellor, overruling the demurrer to the bill, must, upon the ground noticed, be reversed.

It is unnecessary for us to consider any other question raised by the assignment and cross assignment of errors, in the present condition of the record; and we prefer not to express an opinion upon them, in advance of their proper presentation upon the record; for it may be, that this case will have to go off, in the end, on the point of lapse of time.

It may be that appellee can amend his bill, so as to bring his case within some exception to, or relieve it from the influence of, the general rule established by the adjudications referred to in the cases of *Austin v. Jordan*, and *Bone and Wife v. Jordan, supra.* To enable him to take such course as he may be advised, we will not render a decree dismissing the bill, but will reverse the decree of the chancellor, for the error pointed out, and remand the cause.