Scruggs & Lindsay, Ex'rs, et al. v. Orme, Assignee.

---

## SCRUGGS & LINDSAY, Ex'rs, et al. *vs.* ORME, Assignee,

[BILL IN EQUITY FOR SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS, &C.]

1. *Presumption of final settlement of estate after lapse of twenty years; by what avoided.*—The presumption of the final settlement and distribution of an estate, after the lapse of twenty years, is avoided, in favor of a distributee, by proof of an annual settlement within the time, and the absence of the administrator from the State a sufficient length of time, during the period within which he might have been called to account.

2. *Annual settlement; prima facie correct.*—An annual settlement of an estate is to be taken as *prima facie* correct on final settlement.

APPEAL from Chancery Court of Madison.
Heard before Hon. WM. SKINNER.

THE report of the case when it was in this court under

the name of *Ragland's Ex'rs v. Morton*, as referred to in the opinion, is as follows:

" The bill in this case was filed on the 6th August, 1860, by Daniel S. Morton, against John W. Scruggs and Robert B. Lindsay, individually, and as executors of the last will and testament of George O. Ragland, deceased, together with the children and heirs-at-law of said Ragland and his deceased wife; and sought to compel a settlement of said Ragland's administration on the estate of David Morton, deceased, and a decree for the complainant's distributive share of said estate, or of the assets belonging to said estate for which said executors or their testator might be found liable. According to the allegations of the bill, said David Morton died, intestate, in Franklin county. Alabama, prior to September, 1838; leaving his widow, Mrs. Mary Morton, and his two sons, Quinn and David S. Morton, as his heirs-at-law and distributees. In September, 1838, Mrs. Mary Morton married said George O. Ragland, by whom she afterwards had several children; and she died, intestate, in 1858, leaving her husband and children as her distributees and heirs-at-law. ' On or about the 6th December, 1838, said George O. Ragland was duly appointed, by the probate court of Franklin county, administrator *de bonis non* of the estate of said David Morton, deceased, and took upon himself the burden and duties of said office as administrator. At the March term, 1839, said Ragland, as such administrator, recovered a judgment for one hundred and eleven 90-100 dollars, against one John W. Hodges, who was the former administrator of said estate, and who had resigned, or been removed; and said. Ragland afterwards collected said judgment from said Hodges. Said Ragland, as such administrator *de bonis non*, possessed himself of other personal property belonging to said estate, amounting in value to twenty thousand dollars and upwards. Said Ragland never returned to said probate court of Franklin an inventory of the property in his possession belonging to said Morton's estate; never made a final settlement of said estate, nor annual settlements of the same, but treated and managed the property as his own—worked

the negroes of the estate with his own, for his own use and benefit, keeping no account of their hire, profits, or services; removed them from this State, without legal authority carried them, at one time, to Memphis, Tennessee, where he kept them for several years ; then moved them to Chattanooga, and afterwards to Madison county, Alabama, and sold some of them without authority ; and the balance of the negroes belonging to the estate of said David Morton are now employed by said Scruggs and Lindsay, for the profit and benefit of the estate of said Ragland.. Said George O. Ragland departed this life some time in the year 1858, having made and published his last will and testament, in which he appointed said John W. Scruggs and R. B. Lindsay the executors thereof ; and said Scruggs and Lindsay, soon after the death of said testator, duly proved said will in the probate court of Franklin county, and took upon themselves the burden and execution thereof.' A copy of the will of said Ragland was not made an exhibit to the bill ; nor was there any reference in the bill, or in any of the amendments thereto, to the annual or partial settlement of his accounts by said Ragland in 1844.

" The executors filed an answer, in which they incorporated a demurrer for want of equity, and on account of the lapse of time and the staleness of the demand ; and they also pleaded the statute of limitations and the staleness of the demand, as a bar to the relief sought. The chancellor overruled the demurrer, and, on final hearing on pleadings and proof, rendered a decree for the complainant."—See 41 Ala. pp. 344–6.

This court then reversed the decree of the chancellor, and remanded the cause, in order that complainant might amend his bill so as to bring the cause within some of the exceptions to, or relieve from the operation of, the general rule, of a presumption of final settlement of an estate after the lapse of twenty years.—See 41 Ala. 348.

After this the original bill was amended, and complainant having been adjudged a bankrupt, his assignee was made party complainant.

The amended bill alleges—

1st. That Ragland in his will, made in 1859, admitted his administration of David Morton's estate to be an unsettled and continuing trust.

2d. That in 1844 he made an annual settlement of said estate, and executed an additional administration bond.

3d. That he was absent from the State for seven years, between the years 1833 and 1859.

The will of Ragland is also made an exhibit.

The evidence in support of these allegations is sufficiently stated in the opinion.

The chancellor, on the hearing, overruled the plea of the statute of limitations and staleness of the demand, &c., and directed a reference to the register, to state an account, &c., as required in the decree rendered in the cause in 1866, which, among other orders not necessary to be further noticed, directs the register to charge Ragland's estate with the hire of the Morton slaves from the time they went into his possession until the date of his death, with interest thereon, &c.

In the account so taken the register charged items for the hire of the slaves from the year 1838, and the chancellor overruled the exceptions to this report, and duly confirmed the same.

The decree rendered and the confirmation of the report are now assigned as error.

WALKER & BRICKELL, for appellants.
CABANISS & WARD, contra.

B. F. SAFFOLD, J.—The facts of this case are so fully stated in Ragland's Ex'rs v. Morton, (41 Ala. 344,) its style when here before, that it is necessary only to recite such as have since been brought into issue. The bill was amended after its remandment, by the addition of three allegations in avoidance of the staleness of the demand: 1st. That Ragland in his will, made in 1859, admitted his administration of David Morton's estate to be an unsettled and continuing trust. 2d. That in 1844 he made an annual settlement of the said estate, and executed an additional

administration bond. 3. That he was absent from the State for seven years, between the years 1838 and 1859.

It is well settled in this State, that the lapse of twenty years from the time an administrator might have been called to a final settlement, creates the presumption of such a settlement, and a distribution of the estate. But this presumption may be rebutted by proof of a clear and unequivocal recognition, within the time, of a subsisting and continuous trust.—*Johnson v. Johnson*, 5 Ala. 90; *McCartney's Adm'r v. Bone*, 40 Ala. 533. It is said in some of the authorities that this presumption is not avoided without proof of an effort within the time to compel a settlement.—*Austin v. Jordan*, 35 Ala. 642; *Rhodes v. Turner*, 21 Ala. 210. We do not regard these last authorities as affirming the necessity of action on the part of those claiming rights against the administrator, in contradistinction from his admission of a continuing trust. No such issue was made, and there seems to have been in those cases neither admission on his part, nor action by the adverse party. The weight of authority is against such a construction.—2 Williams on Ex'rs, § 1741; *Ravenscroft v. Frisby*, 1 Coll. 16, 23; *Portlock v. Gardner*, 1 Hare, 594.

Does the evidence establish any sufficient reason why the presumption should not prevail in this case?

In 1844 Ragland made an annual settlement of his accounts, the result of which was a balance in his favor. A final settlement would not be so suggestive of a continuing trust as this. It might be made out of precaution simply, and long after the matters involved had been fully adjusted. But an annual settlement supposes another more complete to be afterwards necessary. It is an admission of a liability to account to others, in the character assumed, precluding the termination of both.

The provision made in Ragland's will for David S. Morton, on the condition that he " release my estate from all liability to him by reason of my being his guardian, and also by reason of my being administrator of his father's estate," should not be taken as a recognition of a subsist-

ing trust. It would be attaching to a single word, and even to its tense, a controlling influence inadmissible even in the construction of writings more formal and critical. It was, however, an admission that he had occupied such a relation towards his step-son, and that he had not properly accounted to him. Ragland died in 1859, and his wife in 1858. Though the record does not show his age definitely, David S. Morton was probably not more than twenty-five years of age when he filed this bill in 1860.

Ragland was absent from the State for about seven years immediately succeeding the year 1841. Section 2808 (2483) of the Revised Code requires the time a person is absent from the State during which a suit might have been brought against him, to be deducted from the period necessary to create the bar of the statute of limitations. In the former decision of this case, (41 Ala. 344,) it was said that the removal of the slaves to Tennessee, and the keeping them there for several years, did not relieve the case from the rule of presumption. The court probably did not consider this statement equivalent to the averment now made of Ragland's absence. It is true, we are not called on to apply a statute of limitations, but to determine the staleness of a demand. Nevertheless, equity applies the rules governing the one to the ascertainment of the other, in proper cases. In addition to the other evidences of a subsisting and continuing trust, is the testimony of Samuel J. Ragland, that George O. Ragland acted as the administrator of David Morton, deceased, from 1838 to the time of his death. This witness was his brother, and was engaged with him in business for several years of the time. He further says, that nearly or quite all of the slaves which George O. received as the property of his intestate, he still had in his possession at the date of his death. We think the evidence sustains the decision of the chancellor on this point.

The decree of 1844 ascertained a balance in favor of the administrator, Ragland. No evidence is given of any error in this settlement, but the chancellor ignored it, and charged the administrator with the hire of the property

from 1838. This was error. The annual settlement was *prima facie* correct. We discover no other errors in the record.

The decree is reversed, and the cause remanded.