## BIBB AND WIFE vs. CARPENTER, Adm'x.

[BILL IN EQUITY TO COMPEL SURETIES OF DECEASED GUARDIAN TO AC-
COUNT, &C.]

1. *Bill in chancery; when demurrable for want of proper parties defendant.*
A bill filed to impeach a decree of the court of probate, on the final set-
tlement of a guardian, or to charge the sureties of such guardian on
his bond for funds which such guardian failed to account for on such set-
tlement, is demurrable, for want of proper parties defendant, when it
fails to make the administrator *de bonis non* of such guardian a party
defendant, if within the jurisdiction, and the estate is not utterly worth-
less.

2. *Same; when without equity.*—A bill which shows that the guardian ac-
counted regularly during his life for his ward's estate, but died before
final settlement, and that the final settlement was made by his repre-
sentative after death, and when the decree on such settlement seems reg-
ular on its face, is demurrable for want of equity, unless it shows that
the decree was erroneous by reason of mistakes or fraud. A mere alle-
gation that there were sums of money in the guardian's hands unac-
counted for, without showing what they were, or fraud or mistake, is
not enough to give equity jurisdiction.

APPEAL from Chancery Court of Greene.

Heard before Hon. A. W. DILLARD.

This is a bill filed by Bibb and wife, as complainants, to
compel the sureties of Samuel T. Carpenter, deceased, as
the guardian of Mrs. Bibb and her sister Annie, who died
in 1865 or 1866, to account for and pay over to Mrs. Bibb
certain alleged sums of money remaining in the hands of
said guardian, unaccounted for, at his death in 1862, which
belonged to her in her own right, and in right of her de-
ceased sister. The bill shows that said Samuel T. Carpen-
ter was legally appointed by the probate court of Greene
county in this State, in the year 1856, guardian of Sarah
V. C. Rea, subsequently married to Bibb, one of the com-
plainants in this suit, and Annie Laura Rea, the sister of
Mrs. Bibb, and that he gave bond, with Simeon Carpenter,
Moses Rosser, Maclin N. Cockrell and John J. Carpenter

as his sureties.  Mary M. A. Carpenter, the widow of Sam-
uel T. Carpenter, deceased, was appointed administratrix
of her husband's estate, in 1862; and the 8th day of Sep-
tember, 1862, she made final settlement of his guardian-
ship to both the Misses Rea.

The balance in favor of Sarah, now Mrs. Bibb, was
$1,420.29, which amount was decreed to be paid over to
her then guardian, James Carpenter, for the ward's use;
and the balance in favor of Annie, who was then still liv-
ing, was $1.542.26, which was also decreed to be paid over
to her guardian, said James Carpenter, for her use.   After
the death of Annie, said James Carpenter, her guardian,
was appointed administrator of her estate on March 15,
1867, and made final settlement of his guardianship of her
estate, when the balance found to be due the estate of the
ward was $652.16, and this he collected.   At the same
time, said James Carpenter, as the guardian of Miss Sarah
V. C. Rea, made an annual settlement of his guardianship
of her estate, which showed a balance due the ward at
that date of $556.71.   At these last named settlements,
credits were allowed to Samuel T. Carpenter, deceased, on
the amounts decreed against his administratrix on her set-
tlement of his guardianship, made on the 8th of Septem-
ber, 1862, of the sum of $763.55 in each settlement, as of
the date of these settlements.   Sarah married Bibb in
1867, and on the 15th day of April, 1868, James Carpenter
made final settlement in said probate court both of his ad-
ministration of the estate of Annie L. Rea, deceased, and
of his guardianship of Mrs. Bibb, and paid over the bal-
ance in his hands to Mrs. Bibb.   There was no objection
to these proceedings in the probate court.   Mrs. Bibb is
the only heir and distributee of the estate of Mrs. Annie
L. Rea, deceased.   The bill does not allege any mistakes,
fraud, or irregularities, or errors, in the accounts and set-
tlements sought to be opened and re-stated, nor does it
make the personal representative of Samuel T. Carpenter,
deceased, a party to the proceedings as defendant, or
otherwise, but it is alleged that the estate of said Samuel

38

T. Carpenter, deceased, had been declared insolvent, and that Thomas C. Clark was the administrator *de bonis non* of the estate of said Samuel T. Carpenter, deceased, the former administratrix having died.

The bill was demurred to for want of proper parties defendants, and for want of equity. The grounds of demurrer were, that the representative of Samuel T. Carpenter, deceased, and the representative of Annie L. Rea, deceased, were not made parties defendant to the suit, and that there was adequate remedy at law, and the bill did not allege the want of a sufficient remedy at law.

The demurrer was sustained, but the complainants had leave of the court to amend by making proper parties to the bill. This they declined to do, and the chancellor dismissed the bill absolutely. From this decree the complainants appeal to this court.

W. COLEMAN, and R. CRAWFORD, for appellant.
BLISS & SNEDECOR, *contra*.

(No brief came into Reporter's hands.)

PETERS, J.—We do not think that there was error in the decree of dismissal. The relief sought is against Samuel T. Carpenter as the guardian of Mrs. Bibb and her sister Annie, and requires an account between said Carpenter or his representative, " by charging him with all with which he ought to be charged with, and giving him credit with all which he is justly and legally entitled to." And this, too, after his guardianship had been closed by a final settlement, which was not impeached for fraud or mistakes or errors of any kind, and whilst the estate of said Carpenter was unsettled and his representative within the jurisdiction of the court. In such a case the admistrator *de bonis non* is a proper and necessary party to the bill. The deceased representative was a party to be seriously effected by the decree. The estate of Samuel T. Carter, deceased, was not shown to be utterly worthless, and the sureties were bound only for what his estate failed

to pay.—Revised Code, §§ 2450, 3359. The failure to make necessary parties to a bill is a fatal defect on demurrer· *Phillips v. Threadgill,* 37 Ala. 93.

Besides, in this case, the bill shows that there had been a final settlement of the guardianship, and that the funds remaining in the hands of the guardian at the final settlement had been disposed of after his death, or had passed into the hands of his successor in the guardianship, and there is no allegation of error, fraud or mistake. In such case, the decrees of the court of probate are to be treated as final· *Mosely v. Tuthill et al.,* June term, 1871.

The decree of the court below is affirmed at appellant'c costs in this court and the court below.