# Conoly *v.* Gayle *et al.*

### *Bill in Equity for Injunction, &c.*

*Statutory separate estate of wife; what right surviving husband takes in.*—Under the provisions of section 2379 of the Revised Code, on the death of the wife intestate, the surviving husband takes absolutely, for his own use, for life, the rents and profits of realty which was of the wife's statutory estate, freed from any trust; and upon bankruptcy, his interest, amounting to a life estate, passes to his assignee.

APPEAL from Chancery Court of Dallas.

Heard before CHARLES TURNER.

The appellees filed this bill against Conoly, Reese D. Gayle, and one Randle, the case being thus : In December, 1871, Mary L. Gayle, wife of Reese D. Gayle, died intestate, while possessed of a statutory separate estate consisting of lands, leaving her husband, said Reese, and several children, the appellees, surviving her. Before her death, her husband, as statutory trustee, had leased the lands for a term of years to one Randle, who gave a note therefor, payable to said Reese. After the death of his wife, said Reese D. Gayle was duly adjudicated a bankrupt on his own petition, and his assignee sold and conveyed to appellant Conoly said Reese's interest in the lands. The term of Randle's lease not having expired, Conoly was about to collect the rents from him, when appellees, who are children of Mrs. Gayle, filed their bill to enjoin Conoly from attempting to collect the rents or from setting up any claim thereto; praying for a receiver to collect the rents ; that a guardian be appointed for the minor appellees, to provide for their maintenance and support out of said moneys until they arrived at age ; and that said Reese be required to turn over the note for rent to said receiver, and be enjoined from interfering or collecting any of said rents.

The chancellor granted the relief prayed, and hence this appeal.

PETTUS, DAWSON & TILLMAN, for appellant.

MORGAN, LAPSLEY & NELSON, *contra.*

STONE, J.—The record in the present case raises the single inquiry : What interest does the surviving husband

take in the lands which were the statutory separate estate of
his deceased intestate wife? This depends on the con-
struction of section 2379 of the Revised Code, which reads
as follows :

"If a married woman having a separate estate die intes-
tate, leaving a husband living, he is entitled to one-half of
the personalty of such separate estate absolutely, and to the
use of the realty during his life, unless he has been divested
of all control over it by the decree of a court of chancery,
as hereinafter provided."

It is contended for appellees, and was so ruled by the
chancellor, that whatever interest the husband takes in the
land under this section, he holds in trust, and it is not liable
for his debts.

It will be observed that the same word, "entitled," in this
section, applies to the interest the husband takes in the per-
sonalty and in the realty. In the *quantum* of interest he
takes the phraseology varies. He is entitled to one-half of
the personalty *absolutely*, but is entitled to only the *use* of the
realty during life.

The word *entitle* is a strong one. It means, in this con-
nection, to give a claim, or right to. In the case of *Marshall
v. Crow*, 29 Ala. 280, we held that under the section of the
Code we are construing, the surviving husband of an intes-
tate wife "takes as distributee in all the transmissible estate
of which the wife died the owner, whether in possession or
not."

In the case of *Jasper & Maclin v. Howard*, trustee, the
language of the will was : "I lend to my daughter," &c., for
certain specified purposes, certain property, "during her
natural life, and after death," to others. It was held that
the word *lend* gave a life estate to the daughter, subject to
the trusts therein declared.—12 Ala. 652.

In the case of *Machen v. Machen*, 15 Ala. 373, the language
of the will was : "I leave to Jane Machen two negroes,
Tamer and Prince, during her life, then to her bodily heirs.
If there should be no heirs, for said negroes and increase
to go back to the heirs." It was held that the heirs did not
take as purchasers, but that Jane Machen took an absolute
title. See, also, case between same parties, 28 Ala. 374.

We think the words, *entitled to the use*, found in the statute,
were intended to give to the surviving husband the rents and
profits of the wife's realty during his life. We find no words
in the statute which authorize us to engraft a trust on such
*use*, or to hold that it is but a continuation of the trust which
existed during coverture. It has been repeatedly held by
this court that the trust-character of the wife's statutory

[Johnson v. Martin.]

estate is determined by the death of either husband or wife.— *Hays v. Cockrell,* 41 Ala. 75; *Andrews v. Huckabee,* 30 Ala. 143.

We have, then, the case of a beneficial interest in the bankrupt, amounting to a life estate. This, on every principle of good morals, was liable to his debts, and passed to his assignee in bankruptcy.—*Rugely v. Robinson,* 10 Ala. 738.

It results from the principles above declared, that there is no equity in the bill of complainants.

The decree of the chancellor is reversed and the cause remanded.