# Cain *v.* Sheets.

*Statutory Action in nature of Ejectment.*

1. *Rights of assignee in bankruptcy.*—An assignee in bankruptcy, under the law of 1867, took the property of the bankrupt subject to all the legal and equitable claims of third persons, except in case of a fraudulent conveyance by the bankrupt.

2. *Sale of land by assignee, under order of court; rights of persons not parties.*—A sale of land by an assignee in bankruptcy, under an order of court, can not affect the rights of third persons, who are not made par-

[Cain v. Sheets.]

ties, and who have no notice, although their rights would have been concluded if they had been brought in.

3. *Same; heirs and administrator as parties.*—Where the bankrupt surrendered a tract of land which he had bought, not having paid the purchase-money, and having only received a bond for title; a sale of the land by the asignee, under an order of the court, does not affect the title of the heirs of the deceased vendor, who were not made parties, although the administrator was brought in.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This action was brought by James D. Cain and others, children and heirs at law of James W. Cain, deceased, to recover a tract of land particularly described in the complaint, with damages for its detention; and was commenced on the 5th April, 1884. The defendants claimed title as sub-purchasers at a sale made in 1869 by C. C. Sheets, as assignee in bankruptcy of one Reuben Webster, under an order of the Bankrupt Court at Huntsville. Webster had bought the land from said James W. Cain, receiving a bond for title, but had never paid any part of the purchase-money; and these facts were stated in his schedules as a bankrupt. Said Cain had died in 1866, and his administrator was made a party to the petition for the order of sale; but no notice was given to the heirs. On the agreed facts, the court charged the jury that, if they believed the evidence, they must find for the defendants; and refused a general charge asked by the plaintiffs. Exceptions were duly reserved by the plaintiffs to each of these rulings, and they are now assigned as error.

W. P. CHITWOOD, and JAMES WEATHERLY, for the appellants, cited *Ray v. Norsworthy*, 23 Wall. 137; *Marshall v. Knox*, 16 Wall. 551; *Broughton v. Mitchell*, 64 Ala. 210.

ROBERT C. BRICKELL, and C. C. HARRIS, *contra*.—(1.) The proceedings in bankruptcy for the sale of the lands were had in 1869, prior to the Revised Statutes of Congress, and are governed by the Bankrupt Law of 1867. The 20th section of that law authorized a sale of property surrendered by the bankrupt, incumbered by a "mortgage or pledge," or by "a lien," in such manner as the Court of Bankruptcy might direct. Bump on Bankruptcy, 6th ed., 415. (2.) The jurisdiction of the court to order a sale of the property of a bankrupt, subject to a lien or incumbrance, freed therefrom, transferring the lien or incumbrance to the proceeds of sale, which were brought into and subjected to the control of the court, was not doubted, and was frequently exercised.—Bump on Bankruptcy, 9th ed., 608; *Houston v. City Bank*, 6 How. (U. S.) 486. (3.) A sale was the act of the court,—not the act of the assignee. It could not

be made without the order or decree of the court directing it; and the court would not proceed to order it, except upon the application of the assignee, setting forth facts and circumstances which justified a sale; and notice of the application must have been given to the creditor *having the lien* or incumbrance. *Ray v. Norsworthy*, 23 Wall. 128. (4.) The purpose of the notice was, that the creditor having the lien or incumbrance could have the opportunity of showing cause against the displacement of the lien or incumbrance, and its transfer from the property itself to the proceeds of its sale. It was only liens or incumbrances the security for a debt, with which the Bankrupt Court dealt; and, of consequence, it was notice to the creditor only which was essential to give validity to the proceedings.—*Ray v. Norsworthy, supra*; *Houston v. City Bank, supra.* (5.) A vendor, retaining the legal title as a security for the payment of the purchase-money, stands in the relation of a mortgagee.—*Bankhead v. Owen*, 60 Ala. 457. Upon the death of the vendor, the right to demand and receive the purchase-money devolves exclusively on his personal representative. Neither the heir, nor the devisee or legatee, can assert it at law; nor can either assert it in equity, unless peculiar circumstances may intervene.—2 Jones on Mortgages, §§ 1387–8. (6.) Notice of the application for the sale was given to the personal representative of Cain, the vendor, in the mode directed by the court. The jurisdiction of the court over the land—jurisdiction to fix and determine the *status*—was acquired by the notice and the prior proceedings, The lien upon the land was extinguished—it was transferred from the land to the proceeds of sale. The land itself was sold—the title and estate of the bankrupt, and the legal title which was the security for the payment of the purchase-money. Any other construction of the Bankrupt Law, or of the effect of sales made under decrees of the Court of Bankruptcy, would render sales by the assignee, of incumbered property, exceedingly insecure, and a fruitful source of litigation.

SOMERVILLE, J.—The suit is in ejectment, the plaintiffs claiming as the sole heirs of James W. Cain, who died in the year 1866. The legal title of the lands is shown to have been in Cain, who, as it appears, however, sold them during his lifetime to one Webster, executing to him a bond for title, and taking his notes for the unpaid purchase-money. Webster, having thus acquired the equitable title, went into possession of the premises, and in the year 1869 was adjudicated a bankrupt, under the provisions of the Bankrupt Act of 1867, then in force. The defendants claim title through a sale made by

order of the Bankrupt Court, on application of the assignee of the bankrupt.

The plaintiffs are clearly entitled to recover, unless their legal title to the lands was divested by reason of the sale made by the assignee; for it is clearly settled, that the latter, as trustee of the bankrupt, took his property subject to all the legal and equitable claims of others, whatever they may have been.—*Cook v. Tullis*, 18 Wall. 332. The assignee, in other words, can take nothing more than the bankrupt himself had, except in cases where the latter has made a fraudulent conveyance of his property.—Bump on Bankruptcy, 10th ed., 490; *Bolling v. Munchus*, 59 Ala. 482; *Gayle v. Randall*, 71 Ala. 469.

It is admitted that the Bankrupt Court had full power to sell the property free of the lien existing for the purchase-money, which, in view of the vendor's retention of the legal title, is closely analogous to the lien of a mortgage. But it is insisted, that the title of the heirs was unaffected by these bankrupt proceedings, because they were not made parties, and had no legal notice of them. The contention, on the other hand, is, that notice to the personal representative of the decedent, Cain, was all that was requisite, as he was the holder of the lien; and the fact of such notice is undisputed. Where the owner of the legal title is also the holder of the lien, it is clear that, on a proper petition filed by the assignee, notice to the creditor thus secured would be sufficient to confer jurisdiction on the Bankrupt Court to sell so as to discharge the lien. This was said in *Ray v. Norseworthy*, 23 Wall. 128, where the incumbrance on the property was a mortgage, and notice to the mortgagee, if sufficient, was admitted to confer such jurisdiction. But we do not understand the rule to be, where property is sold in any manner, or for any purpose, by a Bankrupt Court, that the rights of persons who are not parties to the proceedings, and have such notice, can be affected to any extent by such sale. This principle was settled in the *Tenn. & Coosa Railroad Co. v. East Ala. Railway Co.*, 75 Ala. 516, and is otherwise well sustained by authority upon fundamental principles. In *Ray. v. Norseworthy, supra*, it was said by Justice CLIFFORD, that there was no well considered case "which gives any support to the proposition, that the judgment, order, sentence, or decree of a court, disposing of property subject to conflicting claims, will affect the rights of any one not a party to the proceeding, and who was never in any way notified of the pendency of the proceedings."—Bump on Bankruptcy, 10th ed, pp. 619, 620. The judgments of Courts of Bankruptcy constitute no exception to the general rule, that persons who have never had their day in

[Fulgham v. Herstein.]

court can not'be precluded of their property rights by such proceedings. This would not be "due process of law."

This principle is, in our opinion, conclusive of the case. Under the state of undisputed recitals in the bill of exceptions, the court erred in refusing to give the charge requested by the plaintiffs, which was, that the jury should find for them, if they believed the evidence.

Reversed and remanded.