[Werborn v. Austin.]

# Werborn *v.* Austin.

*Bill in Equity against Executor and Trustee, for Account and Settlement.*

1.  *Foot-note to amendment of bill.*—When an amendment of the bill is made by interlineation, with ink of a different color, no foot-note as to the amendment is necessary.

2.  *Continuing trust; presumption of payment from lapse of time, and how avoided.*—In the case of a trust recognized by the trustee as continuing, the presumption of payment, which otherwise would arise after the lapse of twenty years, is avoided; and an informal settlement made by him in the Probate Court, in which he charged himself with assets received, and claimed credits for disbursements, operates as such recognition.

3.  *Conclusiveness of probate decree.*—A decree rendered by the Probate Court, on settlement of an executor's accounts, is not conclusive on an infant who was not allowed to appear as a party, and who afterwards seeks a settlement in equity.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 7th May, 1884, by Mrs. Adolpha M. Austin, a married woman, against Mrs. Amanda M. Pinney, who was her mother, and George F. Werborn, who was the executor of the last will and testament of Adolph M. Solomon, her deceased father; and sought to compel an account and settlement by said Werborn, both as executor and as trustee, of his management of the estate. On appeal to this court from a decretal order overruling a demurrer to the bill, it was held that the complainant's husband, Hiram S. Austin, was a necessary party; and the cause was remanded, in order that he might be made a party.—77 Ala. 381. The bill was afterwards amended, by interlineation, by adding the name of said H. S. Austin as a co-complainant with his wife. The defendant Werborn demurred to the amended bill, because there was no foot-note as to the amendment; and other grounds of demurrer were interposed to the bill, original and amended. He also answered, and in his answer set up, by way of plea, a decree rendered by the Probate Court, in 1881, on settlement of his accounts as executor. The chancellor overruled the demurrer, and held the plea insufficient; and, on final hearing, holding that the complainant was entitled to

an account, he ordered a reference to the register of the matters of account. The testator, Adolph M. Solomon, died in May, 1862, in the city of Mobile, where he resided; and his last will and testament was there admitted to probate soon after his death, and letters testamentary granted to said Werborn. The provisions of the will are set out in the former report of the case.— *Werborn v. Austin*, 77 Ala. 381. See, also, *Werborn v. Pinney*, 72 Ala. 48.

The overruling of the demurrer and plea, and the final decree, are now assigned as error by said Werborn.

F. G. BROMBERG, for the appellant.

PILLANS, TORREY & HANAW, *contra*.

STONE, C. J.—The only amendment of the bill, of which the record gives notice, was the addition of the name of Hiram S. Austin as co-complainant with Adolpha M. Austin, his wife, who was made sole complainant in the original bill. Whatever may have been the extent of the amendment, it appears to have been made in the face of the original bill, by interlineation with ink of a different color. In such case, a foot-note has no office to perform, and its omission furnishes no ground of demurrer.

The present bill was filed in 1884, about six months after the meritorious complainant became of age. Three years before that time, in 1881, Werborn came to an informal settlement in the Probate Court, in which he charged himself with assets which had come to his hands, and claimed and obtained credit for disbursements he had made. This was a recognition that the trust was then continuing, and intercepts the presumption of payment, which the law, in the absence of recognition, raises at the expiration of twenty years.—*Austin v. Jordan*, 35 Ala. 642; *McArthur v. Carrie*, 32 Ala. 75; *Blackwell v. Blackwell*, 33 Ala. 57; *Harrison v. Heflin*, 54 Ala. 552; *Garrett v. Garrett*, 69 Ala. 429; *Whetstone v. Whetstone*, 75 Ala. 495.

The defendant, Werborn, interposed a plea of *res judicata* in the court below, of which the record furnishes no evidence of formal disposition. The plea is fatally bad, and should have been so pronounced on demurrer, or on motion to reject it as frivolous. One of the points it seeks to make is, that a settlement of the administration was had in the Probate Court, a balance ascertained and decreed to Mrs. Pinney, which Werborn has paid; and that more than ten years had elapsed after such decree when this bill was filed. A complete answer to this is, that the complainant in this

suit—Adolpha—was no party to that proceeding, and, consequently, could not be concluded by it. Both the bill and the plea show, that she sought to propound her rights, and have them passed on in that settlement; but, at the instance of Werborn, she was denied the right to appear in that settlement, or to have her interests considered. It was *res alios acta*, and can not affect Mrs. Austin's rights in this suit.—*T. & C. R. R. Co. v. East Ala. Railway Co.*, 75 Ala. 516; *Cain v. Sheets*, 77 Ala. 492; *Walker v. Elledge*, 65 Ala. 51; 1 Greenl. Ev. § 522; 1 Brick. Dig. 823, § 273.

A second point the plea attempts to make is, that the claim is stale, and barred by the lapse of twenty years. As we have said, uncontroverted averments of the bill, the admissions contained in the plea, and, we may add, the record testimony adduced, each and all show that Werborn recognized the liability as an open, unsettled trust, as late as 1881.

There is nothing in the plea, and any disposition the court may have made of it, could not injure the appellant. *Werborn v. Austin*, 77 Ala. 381.

Affirmed.