# Frey *et al.* v. Fenn *et al.*

*Bill in Equity to set aside Conveyance for Fraud.*

1. *Foot note; when not necessary.*—Where there is a proper foot note to a bill as originally filed, an amendment of the bill which might have been made by interlining, does not require an additional foot note to be added.

2. *Chancery practice; demurrers can be heard in vacation.*—Under the rule of Chancery Practice (Code, p. 1218, Rule 74) where a demurrer is interposed to the bill, the complainant may, upon motion, have the demurrer heard in vacation, notwithstanding there had been a continuance of the cause at a former term of the court.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, Edward J. Fenn and Henry D. Morrison, in behalf of themselves and any and all creditors of Andrew C. Frey who might make themselves parties to the bill and pay their proportionate share of the costs thereof. It was shown by the averments of the bill that Edward J. Fenn was a judgment creditor of Andrew C. Frey and that execution was issued upon said judgment and returned "No property found.' The averments of the bill in this respect, as contained in the second paragraph of the bill was as follows: "On the 9th day of May, 1895, com-

plainant Fenn instituted a suit in the circuit court of Morgan county, Alabama, against the said Andrew C. Frey upon said note, and on the 15th day of July, 1896, recovered judgment against him thereon in the sum of two hundred and nine and 65-100 dollars ($209.65). As a part of his recovery in said suit said complainant had judgment against said Frey in the sum of $12.05. Upon this judgment execution has been duly issued and returned 'No property found.' "

One Henry D. Morrison was a creditor of said Andrew C. Frey by reason of money borrowed by said Frey; that to secure said loan Frey executed to Morrison a mortgage which was duly foreclosed by suit in chancery and there was a decree rendered in favor of Morrison for the balance due upon the mortgage debt after the sale of the property conveyed in the mortgage.

It was averred in the bill that Andrew C. Frey and Mary A. Frey were brother and sister and A. C. Frey and Isaac Ward Frey were nephews of Andrew C. and Mary Frey, and George G. Frey was a brother of Andrew C. and Mary A. Frey. It was then averred that on May 20, 1895, Andrew C. Frey, upon the recited consideration of $4,000 conveyed by warranty deed to his sister, Mary A. Frey, his interest in certain specifically described lands; that on May 21, 1895, on the recited consideration of $1,000, Mary A. Frey conveyed to her nephew, A. C. Frey, the entire interest in the lands, which were conveyed to her by her brother Andrew C. Frey; that on June 7, 1895, A. C. Frey, upon the recited consideration of $500 conveyed all of said lands to Isaac Ward Frey. On October 1, 1895, Andrew C. Frey conveyed to George H. Frey, his brother, a certain tract of land. It was then specifically averred in the bill that although the several deeds above referred to expressed a consideration, the said recited consideration was in fact simulated and feigned and that the grantees in said deed did not pay any consideration for said conveyances, but that if there was any consideration paid on the part of any of the grantees it was paid with full knowledge of the intent on the part of An-

[Frey *et al.* v. Fenn *et al.*]

drew C. Frey to dispose of said property for the pur-
pose of hindering, delaying and defrauding his cred-
itors in the collection of their debt, and that each of
said grantees in the several deeds participated in the
fraudulent intention of the said Andrew C. Frey to hin-
der, delay and defraud his creditors.

Andrew C. Frey and Mary A. Frey, Isaac Ward Frey,
A. C. Frey and George H. Frey were made parties de-
fendant to the bill.

The prayer of the bill was that the several deeds above
referred to be set aside and annulled as being fraudu-
lent and that the property conveyed therein be subjected
to the payment of the complainants' debts.   To this bill
the defendant demurred upon the following grounds:
1. The alleged fraud upon the part of A. C. Frey
(nephew) and Isaac Ward Frey as set forth in the bill
is merely a conclusion of the pleader; no facts being suf-
ficiently averred to constitute fraud in the transaction
by them.   2. Said bill fails to aver that the alleged debt
of complainant E. J. Fenn is now due or unpaid or at
present a subsisting demand against these respondents
or either of them.   3. Said bill fails to show or set forth
with sufficient certainty wherein said alleged sum of
$12.05 is a just and legal demand against these respond-
ents or either of them.

. Upon the submission of the cause upon the demurrers,
the chancellor overruled the 1st and 2d grounds of de-
murrer and sustained the 3d.   This decree was rendered
on April 11, 1899.

Thereupon the complainants amended their bill as
follows: "By averring that the $12.05 mentioned in
the latter part of the 2d paragraph of said bill, as a
part of the recovery of the said Edward J. Fenn against
the said Andrew C. Frey, was the costs accruing in the
said circuit court of Morgan county, Alabama in his
said suit against the said Andrew C. Frey wherein he re-
covered of said Frey his judgment against him for the
sum of $209.65 mentioned in said paragraph 2." This
amendment was filed on May 13, 1899.   Upon the mak-
ing of this amendment the respondents made a motion
to strike the bill as amended from the file, upon the
grounds that the amendment was a material amend-

ment, introducing a material allegation into the second paragraph of said amendment and that said amendment had no foot note thereto, and there was no requirement by a foot note calling upon these respondents or either of them to answer the amendment, or the bill as amended. This motion of the respondent to strike the amendment from the file was filed on June 12, 1899. The defendant also demurred to the bill as amended upon the 1st and 2d grounds which were interposed to the original bill.

On June 12, 1899, there was a motion made by the complainants asking the chancellor to hear, on June 24, the motion to strike the bill as amended from the file. On June 24 the respondents objected to the court's hearing the motion to strike and moved to strike said latter motion from the file upon the following ground: "That the original bill was filed in this cause by complainants on the 13th day of December, 1898; that respondents demurred to said bill on the 12th day of January, 1899; that on the 12th day of April, 1899, this court sustained a demurrer to said bill; that complainants, on May 13th, 1899, filed an amendment to said original bill; that on June 6, 1899, on a regular day of a regular term of this court, this cause was regularly and legally continued until the next regular term of this court, and after this cause had been regularly continued as aforesaid these respondents filed their motion and demurrer to complainant's bill as amended, which are sought by the notice and motion of complainants to have heard at this time, all of which appears from the file in this case and the records of this court."

On the submission of the cause upon the demurrers and motion, the court rendered a decree overruling all of them. From this decree the defendants appeal, and assign as error the decree overruling the demurrer to the original bill and the decree overruling the demurrers and motions to the bill as amended.

O. KYLE, for appellant, cited *Ala. Warehouse Co. v. Jones*, 62 Ala. 550; *Werborn v. Austin*, 82 Ala. 498; *Ex parte S. & N. Ala. R. R. Co.*, 44 Ala. 656; *Van Dyke v. State*, 22 Ala. 60.

1899.] OF ALABAMA. 295

[Frey *et al.* v. Fenn *et al.*]

HARRIS & EYSTER and D. W. SPEAKE, *contra.* .

DOWDELL, J.—The original bill in this case contained the usual and proper foot-note requiring the bill to be answered as to each and every paragraph as numbered. The amendment to the bill consisted of an amendment to paragraph 2 of the same, and was of such a character as might have been very properly made by interlining. Such an amendment did not require an additional foot-note to the bill as amended.—*Alabama Warehouse Co. v. Jones,* 62 Ala. 550; *Werborn v. Austin,* 82 Ala. 498.

Rule 74 of Chancery Practice was intended to expedite and facilitate the preparation of the cause to final hearing on its merits. To construe this rule not to apply, as insisted by counsel for appellants, to causes wherein continuances have been made in term time, would be practically to emasculate the rule, since all causes not finally disposed of in term time, are, either by a special or a general order, continued to the next term. In this case demurrers were filed to the bill as amended after the order of continuance had been made, and on these demurrers it was that the cause was set down in vacation for hearing upon notice under rule 74. That this action was clearly within the rule we have no doubt. The cases of *Ex parte South & North Ala R. R. Co.* 44 Ala. 656, and *Van Dyke v. State,* 22 Ala. 60, cited by appellants' counsel, were causes tried in the circuit court, and in which rule 74 of Chancery Practice has no application.

The averments of the bill as to the execution of the several conveyances mentioned therein, and that the same were made for the purpose and with the intent of defrauding creditors, and with the purpose and intent on the part of the subsequent grantors and grantees of aiding the original grantor, the debtor of complainants, in defrauding his creditors, are sufficiently definite and certain.

We find no error in the rulings of the chancellor, and the decree must be affirmed.